### FLOWER vs. WILLIAMS.

A witness may testify to his belief of a fact: if examined as to the grounds of his belief, and his answers are vague, the court will instruct the jury.

It is the province of a jury to ascertain whether drugs and medicines intended for sale to other than patients, for profit, constitutes a commercial partnership.

Where one partner purchases articles for his own use, the partnership is not bound.

The judgment cannot include interest, if a *remititur* therefor be entered of record.

APPEAL from the court of the third district, the Judge of the fourth presiding.

The petition stated that in the month of January, 1820, the defendant and William Waterhouse formed a commercial partnership, the object of which was to establish in the country an apothecary's shop, and to practice together as physicians. That in February, 1820, Waterhouse, by the consent of the defendant, came to

New-Orleans to purchase drugs, and was in-

troduced to the plaintiffs, who, ignorant of his
standing, but having every confidence in his
partner the defendant, were induced to accept
for the said firm of Williams & Waterhouse,
two drafts, one for $1500 for drugs purchased
of Field & Morgan, the other for $557 54,
for books had of B. Levy & co. That they
had been compelled to pay said drafts, and Wa-
terhouse having absconded, they pray judg-
ment for the amount against the defendant, with
interest, cost and damages.

The defendant denied all the allegations in
the petition, particularly the existence of any
partnership between himself and Waterhouse.

The plaintiff then called for the production
of the articles of partnership, and the defendant
answered under oath that he had no such arti-
cles in his possession, and denied that any such
had ever existed.

To prove the partnership, a number of wit-
nesses were examined by plaintiff, who testified
it was notorious in the neighborhood, that the
defendant and Waterhouse were in partnership.
One witness stated that in a conversation with
defendant, the latter observed, that he feared
Waterhouse had injured him; that he had pur-

Eastern District.
*March* 1830.

FLOWER & AL.
*vs.*
WILLIAMS.

chased medicines in New-Orleans, and he was apprehensive he should have to pay about $2000. A clerk of plaintiffs' deposed, that when Waterhouse arrived at New-Orleans, "to the best of his belief he exhibited plaintiff articles of partnership," is certain that plaintiff was induced to accept for the firm upon the credit of the defendant alone, Waterhouse being a perfect stranger. To that part of the clerk's testimony, stating his belief, the defendant excepted, on the ground that the belief of witness could not be received. The objection was overruled, and the jury found a verdict for plaintiff for $1872 98, with interest from the 8th May, 1820, (being the date of protest) and for the interest a remititur was entered of record by the plaintiff. Judgment was entered up for the amount of the verdict. Motion for a new trial overruled and the defendant appealed.

*Watts* for appellant.

1st. A new trial ought to have been granted, the verdict being contrary to law and without evidence.

2d. There is no proof of commercial partnership as declared on by plaintiff. The verdict includes a purchase of books worth $557 50

4 n. n. 347, *Hazard* vs. *Boyd*, an agree-
ment to buy goods does not warrant pur-
chase of drugs—an agreement to buy medi-
cines dos not warrant a purchase of books.
The interest from May, 1820, the date of pro-
test, up to September, 1824, the date of the
filing the petition, was remitted, yet the judg-
ment is for the whole interest.

MARTIN, J. delivered the opinion of the
court. The petition charges that the de-
fendant and Waterhouse, being engaged in
a commercial partnership for the purchase
of drugs and medicines, in the parish of
Feliciana, the latter came to New-Orleans
to effect purchases for the partnership, and
the plaintiffs were induced to come into
acceptances and engagements towards the
vendors, at his request, whereby they were
compelled to pay several sums of money,
amounting to upwards of two thousand dol-
lars, which the partners are bound jointly
and severally to refund, and the defendants
neglect and refuse, &c.

The general issue was pleaded, there
was a verdict for the plaintiffs, which the
defendant vainly attempted to set aside:

judgment was given accordingly, and he appealed.

His counsel has first called our attention to a bill of exceptions to the opinion of the inferior judge, in overruling an objection to the reading of a part of Cooper's deposition, in which he states, that "Waterhouse exhibited to the plaintiffs, as the deponent verily believes, articles of partnership between the defendant and Waterhouse." The objection was on the ground that as the witness deposed to a fact, which took place in his own presence, evidence of what he believed could not be received.

It does not appear to us the judge erred.

*A witness may testify to his belief of a fact, if examined as to the grounds of his belief, and his answers are vague, the court will instruct the jury.*

The fact was material and the witness was bound to disclose it. He might have been examined as to the grounds of his belief, and if he gave none or vague ones, it might have been urged that this part of his testimony ought to have no weight, and the court might have been requested to instruct the jury in this respect. The case of Watson & al. *vs.* M'Callister, *7th Martin, p.* 368, must be understood to apply to instances in which the witness on being called on for the grounds of his belief, gives none.

Eastern District.
*March,* 1830.

FLOWER & AL,
*vs.*
WILLIAMS,

The defendant's counsel has contended that the jury erred in finding a commercial partnership, it appearing that in the neighborhood of his residence, indeed in the country generally, physicians are in the practice of keeping medicines to supply their patients and neighbors, and the defendant and Waterhouse, if they were at all concerned in business, were so as physicians principally, and the apothecary's shop was only an appendage to their business as physicians.

It is certainly true that the sale of medicines to the vendor's patients, and an incidental sale to a neighbor, are not acts which can be viewed as commercial transactions. An innkeeper sells wine to his lodgers, without thereby becoming a merchant. *Slocum* vs. *Sibley,* 5 *Martin,* 682, and the casual sale of a bottle to a neighbor, would not make it so. It was the proper province of the jury to ascertain whether the drugs and medicines were intended for sale to other than patients, to such a degree as to constitute a buying and sale of drugs and medicines for profit, and thus to be a commercial pursuit: they have thought it

It is the province of the jury to ascertain whether drugs and medicines intended for sale to other than patients for profit, constitutes a commercial partnership,

Where one part-
ner purchases ar-
ticles for his own
use, the partner-
ship is not bound.

The judgment
cannot include
interest if a remi-
titur therefor be
entered of record

was, and we see nothing that can authorize our interference with the verdict, in this respect.

Part of the acceptances paid by the plaintiffs, are for classical books and clothes for Waterhouse's own use, in which the partnership does not appear to have had any interest, and we deem it our duty to sustain the objection of the defendant to any allowance therefor.

The last grounds of complaint against the verdict and judgment are, that the first has allowed interest. The counsel has urged that none ought to have been given, as the claim was liquidated by the verdict alone. That the protest of the acceptances of the plaintiffs, gave no claim to interest, or the law allowing interest on protested notes, if it can be extended to protested acceptances, is posterior to any protest in the present case. The judgment is complained of, as it gives interest according to the verdict, and absolutely disregards a *remititur* entered on record by the plaintiffs between the verdict and judgment.

It is therefore ordered, adjudged and decreed, that the judgment of the district

court be annulled, avoided and reversed, and that the plaintiffs and appellees recover from the defendant and appellant, the sum of thirteen hundred and eighty-five dollars, with costs in the lower court; those of appeal to be borne by the appellee.