Bullakd, J.
delivered the opinion of the court.
The question presented in this case is, whether the note sued on, which was signed by one of the partners, in the name of the firm, be evidence of a partnership debt, and' binding upon the firm, either originally, or in consequence of subsequent transactions. It was given to the plaintiff by Cuddy, one of the partners, for certain household furniture purchased by him for Ms own house, and who, in the absence of Tiernan, Ms partner, who is now sought to be charged, entered it in the books of the firm under the head of “ bouse expenses.” It further appears that the furniture was used by the partner who had purchased it, in Ms own house, and that he occasionally entertained the customers of the house, and that ultimately it was seized and sold, under an execution to pay a debt of the partnership.
It cannot be supposed that the purchase of household furniture for the use of one of the partners, although occasionally used to entertain the customers of the firm, comes within the scope of authority conferred by the contract of partnership upon each member of a commercial firm. Cow, 57. The proof in the record that the purchase was made for the use of one partner, repels *395 the presumption arising from the use of the partnership, name; that the debt was one of the partnership in its origin. It remains to inquire whether it has become such, either by the entry in the books, as above mentioned, or because the furniture was afterwards seized and sold to pay a debt of the firm.
The charge in the books under the head of “ house expenses,” with- [55] out any proof that, by the terms of the association, each party was allowed to charge his expenses of that kind to the firm, and to what extent, and without such charge being known to the partner living abroad, does not, in our opinion, sufficiently show the liability of the firm. It is true, two experienced merchants have testified in the case, that in their opinion if a partner, having the sole management of the concern, should be at the expense of keeping house for the entertainment of the friends of the house who should visit the city, they would consider the expense a fair charge, if it were for the interest of the partnership, deducting a fair proportion for his own living. Admitting that such evidence is entitled to consideration upon a question of law, yet the case supposed by the witnesses does not appear parallel to this; and we are without the means of appreciating the advantage which a commercial concern might derive from the occasional entertainment of its customers, or of estimating the share which ought to be deducted for the expenses of the acting and resident party. But this case goes much further than that supposed by the witnesses. The firm is not charged with the expense of housekeeping, but with the cost of the furniture used occasionally to accommodate the customers of the firm. By parity of reasoning, why would not the house rent of the partner, or the price or hire of his servants, be a fair charge against the firm? The cases relied on by the counsel of the appellee from 6 Martin, H. S. 48, and 13 La. Rep. 193, do not appear to us to support him. In the first case the question was, whether Dubuys & Longer were partners of Dupuy, in relation to third persons, who had dealt with Dupuy in his own name; and the court held that one partner binds the others when he purchases in his own name goods in which the partnership deals. In the case reported in the 13th La. Rep. 193, we held that a contract of lease by one partner, of premises occupied by the firm, is binding on it. Hone of these decisions militate against the principles recognized by this court in the following cases. 4 Martin, 3ff; 4 Martin, H. S. 347; 1 La. [56] Rep. 28, and 10 Id. 416. But if the original purchase of the furniture was not within the scope of authority, resulting from the partnership, and no ratification can be inferred from the entry in the books by the partner himself in the absence of the one now sued, how is the case altered by the fact that the same furniture was afterwards seized and sold to satisfy a judgment recovered against the firm ? TVe do not doubt but that in a settlement between the partners, the value of the furniture thus sold would form a proper charge against the firm in favor of the owner, because his property has been employed for the benefit of the concern; but it is not logical to conclude that his vendor could therefore recover its price from the firm. Such a doctrine would carry us much too far; indeed it is difficult to say where it would stop. It would embrace every species of property on whosesoever credit the purchase *396 may have been made, whenever it was on credit. The partner himself, whose property may have been sold to pay a partnership debt, could claim of his partners, on a final settlement, only the amount by which the firm had been benefited; but according to the doctrine contended for, his vendor would have greater rights, and would be entitled to the original price. We are not prepared to sanction such a principle.
’ It is therefore ordered, adjudged and decreed, that the judgment of tho district court be reversed, and that ours be for the appellants, with costs in both courts.