LAND, J.
On the 9th day of April, 1901, plaintiff leased unto defendants two certain machines for delinting cotton seed for the whole term and during the life and existence of the Baxter patent (17 years), in consideration of the payment of 50 cents per ton of seed worked up and delinted, the lessees guarantying that at least 1,000 tons of cotton seed should be delinted by them each year for every such machine in use, except in case of failure of crops, or destruction by fire or providential dispensation, over which said lessees had no control. There were other stipulations in the contract, which need not be noted.
This suit was filed on March 18, 1903, and the petition charged that defendants during the season of 1902 and 1903 delinted 6,000 tons of seed, for which they failed to render any account or to make any payments as stipulated, and for which they are indebted to plaintiff company the sum of 50 cents per ton, aggregating the rental and sum of $3,-000.
The petition further charged that defendants had taken steps to dispose of their delinted plant at Oheneyville, and had wholly abandoned possession of said machines, and had notified plaintiff that they did not propose to further execute the terms of the lease contract.
‘ The petition further alleged that defendants are indebted to plaintiff in the further sum of $14,000, the amount of rental or royalty stipulated for the term of years said contract has yet to run.
The plaintiff prayed for judgment for $17,-000, less $657.12 in its hands to the credit of defendants, with legal interest on the balance from judicial demand.
The answer of defendants admitted the execution of the contract, but denied any indebtedness to plaintiff company, and set up demand in reconvention, first, for $5,300, balance of account, and, second, for $13,000 damages by reason of the failure of said machines to properly delint cotton seed. The answer further averred that defendants were forced to abandon the use of the machines on account of the unsatisfactory nature of their products, which entailed on them great financial loss.
Defendants filed an amended and supplemental answer, in which they averred that the Baxter patent issued October 16, 1900, was illegal and invalid, being essentially nothing more than a copy of a preceding patent known as the “Thomas Delinter,” issued on August 8, 1893, as shown by a decree of the United States Circuit Court of Appeals for the Fifth Circuit, at New Orleans, La., rendered on March 29, 1904. 128 Fed. 719, 03 C. C. A. 307.
*109 Defendants further averred that when they entered into the contract sued on in April, 1901, they were not aware that the Baxter patent was invalid and an infringement on the Thomas patent, or knew or suspected that plaintiff was without right to manufacture, sell, lease, or license any one to use, machines made under said Baxter patent; and that, if they had known the facts, they would not have entered into the contract sued on.
Defendants further averred that, as plaintiff did not own a valid patent, and delivered to them machines the use of which would expose them to suits for infringement, plaintiff did not comply with the obligations of its contract, and the same should be declared null and void.
Plaintiff moved to strike out this amended answer, but the motion was overruled.
Defendants subsequently filed another amended and supplemental answer, in which they averred that on January 10, 1905, they had been enjoined by the American Delinter Company in a suit filed against them in the district court, parish of Rapides, from the use or operation of the machines leased to respondents by the American Machinery & Construction Company; and defendants further averred that said injunction suit had disturbed them in the peaceful use and enjoyment of the machines that had been warranted .by plaintiff company.
The district judge rendered judgment in favor of plaintiff company for a balance of $1,362, with legal interest from judicial demand, but otherwise rejecting its demands.
Plaifitiff alone appealed, arid defendants have not prayed for an apiendmant of the judgment.
The district judge was of opinion that plaintiff was entitled to judgment for the agreed royalty for the years 1903 and 1904, but that the injunction proceeding was such a disturbance as. to end the contract.
The two supplemental answers set forth facts which had occurred since the filing of the original answer, and they were pleaded as additional reasons why plaintiff should not recover. Defendants admitted the execution of the contract in their original answer, and set up as a defense that the machines were not fit for the purposes of the lease. In their amended answers defendants set up the decree of the United States Circuit Court of Appeals as declaring 'the Baxter patent invalid and an infringement on the Thomas patent, and that the holders of the latter patent had sued defendants for damages, and had enjoined them from using the machines leased from the plaintiff. The plea that the machines were not suitable for the purposes of the lease does not antagonize the subsequent plea that the use of the machines, such as they were, had been enjoined on the ground of the infringement of the prior patent. We think that both of the amended answers were properly allowed, at least for the purpose of showing a disturbance of the lessees’ right of use and enjoyment of the thing leased.
The issues have been narrowed down to plaintiff’s right to recover in advance $14,-000 for royalties to accrue under the contract during the next 14 years.
The contention of plaintiff is that, whei~ the lessee abandons the leased premises, the lessor may sue for and recover the rent for the whole term; citing Christy v. Casanave, 2 Mart. (N. S.) 451, and Reynolds v. Swain, 13 La. 194.
In the Christy Case, supra, a house and lot was leased for three years, and the lessee abandoned the premises on the 30th of August of the last year. The plaintiff sued for the whole rent due and to become due. The court reluctantly conceded the lessor’s right to sue for rent not due, saying:
“But an examination of the authorities has satisfied us that landlords, who in all countries have had a great share in making laws, have secured to themselves the extraordinary privilege of enforcing the contract for the whole *110 term if the tenant leaves the premises before the expiration of the lease.”
The court cited the Roman law, translating as follows:
“If a house or a plantation has been rented for five years, the owner may bring an action at once against the tenant or farmer if he abandons the land or leaves the house.”
In the Christy Case the lessor took possession of the abandoned premises, and leased them out, and the judgment in his favor was for the difference between the amount of rent thus obtained and the amount stipulated in the contract.
In the Reynolds Case, supra, a store was leased for one year at a monthly rental, and the tenant abandoned the premises. There was judgment in favor of plaintiff for the full amount of the rental price, with leave to take out execution as the rent matured.
Martin, C. I., said:
“When a tenant removes his goods from the premises, and abandons them, he withholds from the 'landlord the pledge he had given for the payment of the rent. It is therefore just that the latter should be permitted immediately to secure himself, if he can, by the seizure of the property removed, or by a personal action against the tenant.
“The district judge has provided for the security of the latter by directing that the execution should not immediately issue for more than the debt actually payable, and afterwards at the end of every month for the monthly rent, affording' him the opportunity of seeking relief, if he has any right thereto, on account of any rent received by the plaintiff from other tenants.”
The general rule of law is that a contract is enforceable according to its terms, and in the Christy Case the court recognized that the exception in favor of landlords was an “extraordinary privilege,” arising when the tenant leaves or abandons the leased premises before the expiration of the lease. In both of the cases cited the lease was of real estate, and the court based,its conclusions upon authorities taken from the civil law relative to leases of houses and farms. The reason of the rule seems to be based on the necessity of affording the lessor an adequate remedy to secure his pledge and privilege on the property of the tenant. When the rent is not due, a provisional seizure does not ma-. ture the debt, nor does it authorize an ex-ecutory judgment prior to the time the rent falls due. Such a seizure is merely conservatory.
In leases of movables, when the lessee abandons possession, there is nothing to provisionally seize, and the remedy of the lessor is by personal action for the rent as it accrues, or for a dissolution of the contract with damages. The obligation of the lessee is “to pay the rent at the terms agreed on.” Civ. Code, art. 2710. “What is due only at a certain time, cannot be demanded before the expiration of the intermediate time.” Civ. Code, art. 2052. In the case at bar the plaintiff alleged the contract, which shows .that the sum of $14,000 is payable in installments during 14 years to come, and that it had the legal right to recover said amount in advance of the terms of payment because the defendants had abandoned the leased machines, and had given notice that they, would not carry out the lease contract. If plaintiff had merely sued on the contract to recover future royalties, a plea of prematurity might have been interposed. But as its right to recover in advance was based on an alleged breach of the contract, which could he shown only on a trial of the merits of the case, it follows that a plea of prematurity could not have been interposed. Hence defendants waived nothing by failing to make such plea in limine litis.
The alleged abandonment of the machines consisted in storing them in the depot at Cheneyville subject to plaintiff’s order. But as plaintiff refused to accept the tender thus made, it is evident that the possession and control of the machines remained in defendants.
We cannot give our assent to the proposition that the action and conduct of defendants, though not justified by the evidence, *111 had the legal effect of making all future royalties due and exigible from the moment of the deposit of the machines in the depot. At best, these royalties accruing from year to year were not certain or absolute, but under the terms of the contract were subject to reduction by “the failure of crops” and other providential causes. In other words, if crop conditions rendered it impracticable for defendants to delint as much as 2,000 tons of seed per annum, the royalty would be diminished per tanto. Even if the royalties were certain as to amount, they are payable in futuro, without interest, and their exaction now would not only be in violation of the terms of the contract, but a gross injustice.
We think that the equity of the case will be reached by reserving plaintiff’s right to sue for royalties as they accrue, and defendants’ right to interpose any defenses they may have to the collection of future royalties.
This conclusion is re-enforced by considerations arising from the present situation of affairs, and growing out of litigation between the respective holders of the Thomas and Baxter delinter patents. The United States Circuit Court of Appeals has held that the Thomas patent is valid, and is substantially infringed by the Baxter patent. In so holding that court reversed the judgment of the lower court, and remanded the cause for further proceedings. American Delinter Co. v. American Machinery & Construction Co., 128 Fed. 719, 63 C. C. A. 307.
Plaintiff contends that the decree is not final, and that possibly it may not be followed on another appeal.
The holders of the Thomas patent rights in this state have enjoined defendants from using the leased machines on the ground of infringement.
Plaintiff contends that the suit is collusive, and the state court which issued the injunction was without jurisdiction. Nevertheless the defendants seem to be in great danger of being ground to powder between the upper and nether millstones of the conflicting patents. Defendants are bound by contract to pay royalties to plaintiff for 14 years, and at the same time they are liable for infringement of the Thomas patent. If defendants are compelled to pay royalties in advance to plaintiff, they may be hereafter compelled to pay again to the holders of the Thomas patent. This danger threatening the defendants is a strong reason in equity why they should not be forced to pay royalties to accrue in violation of the terms of the contract.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by dismissing the balance of plaintiff’s demand as in case of nonsuit, instead of rejecting the same, and that, as thus amended, said judgment be affirmed; defendants and appellees to pay costs of appeal.