No. 621

First Circuit

MASSETT v. C. G. CONN CO., LTD.

(April 14, 1930. Opinion and Decree.)

Breazeale & Sachse, of Baton Rouge, attorneys for plaintiff, appellee.

Benton & Benton and C. W. Kernan, of Baton Rouge, attorneys for defendant, appellant.

MOUTON, J. The part of the contract of rent by plaintiff to the defendant, pertinent to the issue presented, reads as follows:

"For and in consideration of the amount of forty-five dollars ($45.00) per month, the party of the second part (plaintiff) agrees to rent to the party of the first part (defendant) from July 15, 1929, to Jan. 15, 1930, the southeast quarter section etc.; after Jan. 15, 1930, the rent for said space to be increased to fifty-five dollars ($55.00) per month from Jan. 15, 1930, up to December 15, 1930."

Defendant paid its rent up to January 15, 1930, and proceeded to remove the equipments from the building which were seized by plaintiff under a writ of provisional seizure.

Defendant says that it has paid the rent up to January 15, 1930, the date upon which the lease terminated under the first clause of the contract above reproduced, and as defendant contends according to its express provisions. That clause, if it stood alone, would be so construed. It is not so, however, as it is immediately followed, leaving out the mere description of the leased premises, with a subsequent clause which says that after January 15, 1930, the rent is to be increased to $55 per month from January 15, 1930, up to December 15, 1930.

To ascertain the intent of the parties, these two clauses must be construed together. The words used in these two clauses, which together constitute the essence of the contract, are clear and explicit, and show with sufficient clarity that the agreement would continue from January 15, 1930, to December 15, 1930, at the increased price for the rent stated in the second clause. This construction leads to no absurd consequence, and must be held as properly determining the intent of the parties. C. C. art. 1945. There is therefore no merit in the position taken by defendant that the provisions of the second clause entitled it to the optional right of renewal of the contract upon paying the increased rental as therein fixed.

As we have before remarked, the words of the contract are clear and explicit, which repels the idea that the intent of the parties as therein expressed is obscured or shrouded by any ambiguity. In connection therewith, it may also be stated that there are no circumstances connected with the execution of the agreement that would render the intent of the parties

doubtful. Such being the situation, parol testimony was inadmissible to establish the supposed true intention of the contractees.

As the defendant paid the rent to January 15, 1930, the court rendered judgment for $650 for the rent which accrued under the second clause of the contract, that is, to December 15, 1930. This decree was grounded on the right of the lessor to enforce the contract for the whole term when the tenant leaves the premises before the expiration of the lease. This right existing in favor of landlords, the court in Chisty vs. Casanave, 2 Mart. (N. S.) 451, refers to as an extraordinary privilege conferred upon them, which was affirmed in American Machinery & Construction Co. vs. Stewart & Haas, 115 La. 188, 38 So. 960. That right, the court, through Judge Martin in Reynolds vs. Swain, 13 La. 193, says is not derived from any express or positive law. Its source, he finds, has its origin in the cogent reason of the Roman Law. Article 21, C. C., says that in absence of express or positive law, a case must be decided according to equity. The rule granting the privilege to the lessor to recover for the entire term of the contract, when the lessee abandons the property before the expiration of the lease, is therefore founded on equity. As a corollary, it must be held in equity and justice that the lessee, in such a case, has the right to use the property for the unexpired term of the lease, or to sublease it to reap this benefit to help in paying the rent to his lessor.

We have referred to this equitable right of the lessee in reference to the leased premises because the defendant, appellant, has filed a motion to remand the case, alleging that since the rendition of the judgment in the lower court the plaintiff, who had leased the premises from B. E. Perkins and had subleased to defendant, has assigned and surrendered all of his title, rights, and interest in his lease from B. E. Perkins, thus divesting himself of any interest whatsoever of his sublease to defendant, to be effective March 1, 1930. This motion is accompanied by an affidavit by B. E. Perkins in support of the motion, and in which Perkins says a new tenant will occupy the premises subleased to defendant after March 31, 1930. It is evident, if that be true, that after that date defendant could not, as the sublessee of the plaintiff, re-occupy the premises, or could not sublease to another, or obtain rent from which he could diminish or extinguish his obligation to plaintiff.

In the case of Roumage vs. Blatrier, 11 Rob. 101, where it had been asserted in argument, and not denied, that the property leased had been sold since the pendency of the suit, and accompanying the record was a newspaper advertisement of sale, and in which it did not appear that it was to be sold subject to the lease, the court remanded the case for the investigation of those questions, and for settlement of the sum which might be due the lessor, and to make the purchaser of the property a party to the proceedings.

In this case similar principles are involved, and this case should be likewise remanded for the reception of evidence in reference to the sale, assignment, or surrender of the leased premises by plaintiff herein, as it is alleged in the motion filed by plaintiff to have the case remanded, and sworn to in the accompanying affidavit.

It is therefore ordered, adjudged, and decreed that this case be remanded for the reception of evidence to establish the sale or assignment of the leased premises

by plaintiff, as alleged in said motion, and sworn to in the affidavit and that if the facts averred therein are established by the evidence, the original judgment rendered herein on January 28, 1930, be modified so as to relieve and discharge defendant and appellant from that part of the judgment which represents rent accruing subsequent to March 1, 1930; that defendant pay all costs of court.