The opinion of the court was delivered by
McEnery, J.
These cases were consolidated, tried together and one judgment rendered applicable to all. Plaintiff’s demands against defendants were dismissed.
The plaintiff purchased from the Pontchartrain Levee District a large amount of swamp land. The sale was made May 1, 1894. The price was one dollar per acre, and the land conveyed, situated in Iberville parish, was two thousand one hundred and seventy-nine and 92-100 acres.
In the petition in the suit against Damare, it is alleged in the months of June, July or August, in 1893, during a period of overflow, he cut from said land a large number of cypress trees, and made the same into boards and shingles, staves and wood. The petition alleges that said staves now are, and always have been, the sole, lawful property of your petitioner, and that he is entitled t'o recover possession of the same, or the value thereof, with full damages for their conversion.
The suit against Yigneau and Richard-, both of whom, it is charged, received from the defendant, Damare, staves, is for their unlawful detention and refusal to deliver the same to petitioner. In these suits writs of sequestration were issued, except as against Richard, and the property seized. It was released on bond by defendants.
The defendants filed an exception of no cause of action, which was overruled, after which the defendants filed answers reiterating their exception and a general denial. Subsequently and prior to the trial, peremptory exceptions were filed, to the effect that should it be held that the act of sale carried with it the right to sue for the *1532 alleged trespass and torts of defendants, that the sale was of a litigious right, and therefore null and void. This was referred to the merits, and on the trial of the case the demand of plaintiff was rejected in each of the three suits, the sequestration against Damare and Vigneau was set aside, one hundred dollars damages for attorney’s fees in favor of Damare for the setting aside of the sequestration, and for the same reason fifty dollars in favor of Vigneau. Material evidence, necessary to support plaintiff’s demand, was rejected, and the judgment was based on failure of proof on part of plaintiff.
The plaintiff bases his right to pursue the defendants on the recital in the deed to him as follows: “With full substitution and subrogation in and to all the rights and actions of warranty which said board has or may have against all preceding owners and vendors and to all other rights and actions against all other persons';” and to a supplemental deed to him, after the filing of this suit by the Pontchartrain Levee Board, in which it is alleged that in the sale to plaintiff the board intended to transfer to him “ every right of action or recourse in favor of said Bradford which said Board of Commissioners or its vendors had or might have to proceed against any and all the trespassers or other persons for trespassing upon, or advising, aiding or abetting others in trespassing upon, or cutting, or removing, or purchasing, or otherwise interfering with the timber and trees, being or growing upon said land.” This supplemental deed or declaration of the intention of the parties to the orginal deed was rejected by the court. It will not be necessary to rule on the question of its rejection, for if the defendant’s exception of no cause of action, which was directed to the recital in the original deed, is good, it applies equally to the recitals in the supplemental deed, as it is equally as ambiguous and fails to expressly describe or indicate what particular right of action was transferred to plaintiff.
This court has said in several cases “ that the purchaser of property is presumed to acquire all actions appurtenant to the property and necessary to its perfect enjoyment; but as to damages actually suffered by the vendor before the sales they are personal to him and can not be recovered by the purchaser without an express subrogation.” Clark vs. Warner, 6 An. 408; Payne, Jr., vs. James & Trager, 42 An. 234; Matthews vs. Alsworth, 45 An. 466.
If the plaintiff rests his demand upon the substitution in the act of *1533 sale to him he is confronted by Art. 2160, par. 1, C. C., which says in reference to a conventional substitution: “When the creditor
receiving his payment from a third person subrogates him in his rights, actions, privileges and mortgages against the debtor, this subrogation must be expressed and made at the same time of the payment.”
In the act of sale to plaintiff there is no mention of his having paid the debt due by these defendants to his vendor, and there is no express subrogation made at the time of payment. If the act subrogated the plaintiff, as claimed in the petition, the price paid for the property should have some reference to the claim which the plaintiff paid, and was included in the price.
In the case of Clark vs. Warner, 6 An. 408, this court said: “ But as to damages actually suffered before the purchase we know of no other principles governing the case than those referable to this general principle of the Code, that ‘ every act of man that causes damages to another obliges him by whose fault it happened to repair it.’ It is a mere corollary that the reparation muse be made to him who suffered the injury. The plaintiff, after possessing the property twenty months, claims one-third more damages than he gave Mrs. Springer for his lot with all the buildings and improvements. This leads to the impression that the modicity of the price he gave for the premises may perhaps be attributed to their dilapidated and dangerous situation on account of the erection of the ice house and other causes. It is impossible from the law to concur with the District Judge that these damages, which probably caused the moderate price given for the house and kitchen, should be a source of profit to the purchaser, who had a perfect knowledge of their existence when he purchased.”
This case in the facts is not unlike the case under consideration.
The plaintiff paid two thousand one hundred and seventy-nine dollars and ninety-two cents for the land, and his demand is for six thousand and eighty dollars for the timber cut and damages in cutting and opening float roads. In the act of sale 1st of May, 1894, the plaintiff acknowledges himself to be familiar with the title. The almost immediate filing of this suit after the purchase shows that plaintiff was familiar also with the condition of the land at the time he purchased the same. If the price of one dollar per acre is to be considered as a low price for the land, it is to be presumed that the *1534 taking off the timber and other damages were estimated in fixing the price, and we can not believe that the price was so fixed in order to permit the plaintiff to reap a rich reward in the way of profits for damages and loss of timber prior to the sale. If so, the specific claim transferred would have been mentioned.
In the act of subrogation, an express mention of the amount of damage done, and its payment by the plaintiff, either in estimating the price or separately, was necessary to constitute a conventional subrogation.
In Matthews vs. Alsworth the syllabus is as follows:
“The purchaser is presumed to buy the accessory rights to the property transferred, but damages suffered by the vendor before the sale are a personal right not transferred and can not be recovered without an express subrogation.”
In that case a plantation was sold, and with it a lease entered into-October, 1890. The deed contained this stipulation: “This conveyance is made with complete transfer and subrogation of all rights and of all actions of warranty or otherwise against all former claimants, proprietors, tenants or warrantors of the property herein conveyed.” Under this stipulation the court held that the language could not be construed to include the right of action for a violation of the lease by any tenant prior to 1st of October, 1890. In reference to the violation of the lease prior to 1890, the court said: “They are not distinctively alleged, particularly as to dates.” The conclusion from the opinion is that unless there was particular mention of the lease for the violation of which damages were claimed,, no right of action for the violation was transferred. There was no express subrogation.
In Roman vs. Forstall, 11 An. 717, this court said that subrogation and transfer are not synonymous legal terms. Payment is a mode of extinguishing a debt; subrogation is a fiction of the law, which in the language of the Oode “ is the right of a-creditor in favor of a third person who pays him,” and is “ either conventional or legal.”
The cases referred to seem to treat the transactions alluded to as-transfers, although the word subrogation is sometimes employed.
Considering the transaction of the Board of the Pontchartrain Levee District with plaintiff as a sale of the right of action “to proceed against any and all the trespassers or other persons for trespassing upon, or entering, or advising, or abetting others in tres *1535 passing upon, or cutting, removing or purchasing, or otherwise interfering with the timber or trees, etc., being or growing upon said land,” there is no definite thing conveyed or transferred. No right of action against any particular person, for any particular kind of trespass, is transferred.
The rights of action transferred to plaintiff were independent of any accessory right accompanying the property sold. There was no price stipulated in the act of salé for them. II. Hennen, Sale, 1 (d) ; Civil Code, 2439; Collins vs. Lottery Company, 43 An. 9.
Incorporeal things, such as a debt, an inheritance, a servitude or any other right, may be sold, but there must be some mention or description of the thing or the right sold, so as to identify it with some degree of certainty.
The plaintiff’s principal demand against the defendants is for the timber which had been taken off the land. This timber was not transferred by the sale to plaintiff. No mention is made of it. In Woodruff vs. Roberts, 4 An. 127, it was held that where one purchased from the government a certain number of acres of public land, on which there was at the time wood cut and corded, he has no claim to the wood. The rights of the government to it were not transferred to the purchaser.
The defendants have asked for an amendment of the judgment increasing the amount of damage for attorney’s fees. The District Judge who tried the case was in a position to know the value of the services of the attorneys. There is nothing in the record that suggests to us that he erred in fixing the amount.
Judgment affirmed.