## WILLIAM BELL *v.* The WIDOW BOUNEY.

A person who makes and sells a machine in violation of the rights of the patentee, cannot maintain an action to recover the unpaid purchase money. Nor can the purchaser, who has been prevented by the patentee from using the machine, recover from the vendor the purchase money, where from the circumstances he should have known that the vendor had no right to sell.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Race* and *Foster*, for the plaintiff. *L. Castera*, for defendant. By the court:

PRESTON, J. In August 1847, the plaintiff made and sold to the defendant a machine for making biscuit, for five hundred and ten dollars, of which he paid $250. He sues for the balance.

It is proved sufficiently, that it was a machine for which a patent in favor of *John* and *Charles Bruce*, was renewed by a resolution of Congress, approved the 22d of February, 1847.

The defendant denies her liability for the claim, and also, by reconvention, claims the two hundred and fifty dollars paid by her to the plaintiff, and also three hundred and fifty dollars paid by her to the assignee of the patentees, for the right to use the machine.

The last sum, it is evident, she cannot recover. She paid the proper person for the use of a right belonging to him. But the plaintiff has entirely failed to show that he had a right to make and sell the machine called for by *Bruce's* patent.

Now we consider the acts of Congress, giving treble damages as a penalty for violating another's patent, as penal laws, and the act an offence. No one can acquire a right by the commission of an offence.

It appears that the plaintiff has compromised with the assignee of the patentee, for the damages, but that does not legalize his act, or give him any right against the defendant.

The counsel of the plaintiff contends, that he only made and sold the machine, not the right of using it. To give force to the distinction, he should have shown that the defendant knew of the patent at the time, and agreed to buy the machine without the right of using it.

The act of Congress, passed in 1800, prohibits the making, as well as using or selling the thing, whereof the exclusive right is secured to another; so that the making and selling the machine alone, without the right of using it, was an unlawful act, for which the plaintiff can recover nothing.

We are of opinion, that the defendant, from her vocation, knew, or should have known, that she had no right to buy and use the machine, without the consent of the patentee or his assigns, and that she cannot recover back money paid to the plaintiff for an unlawful purpose.

It is decreed, that the judgment of the district court, be reversed, and that there be judgment for the defendant against the plaintiff's claim, with costs. It is further ordered, and decreed, that there be judgment for the plaintiff against the demand of the defendant in reconvention, with the costs of the same, and that the appellee pay the cost of this appeal.