No. 11,218.

THOMAS E. MATTHEWS VS. JOHN A. ALSWORTH.

Unless the lessor timely claims damages suffered under the first lease, after a second has been made, with the same lessee, there is acquiescence, which precludes a claim for damages.

The purchaser is presumed to buy the accessory rights to the property transferred, but damages suffered by the vendor, before the sale, are a personal right not transferred, and can not be recovered without an express subrogation.

The purchaser acquires rights to rent from date of sale, and does not take prior rents due.

APPEAL from the Fourteenth District Court, Parish of Iberville. Talbot, J.

Gus. A. Breaux, Samuel Matthews and Alexander Hébert for Plaintiff and Appellant.

30

45   465
46   1532

45   465
f118   439

*B. R. Forman* for Defendant and Appellee:

1. The sale of property carries with it all actions appurtenant to the property necessary for its enjoyment, but actions for damages suffered by the vendor before the sale are personal to him, and can not be recovered by the purchaser without express subrogation. Clark vs. Warner, 6 An. 408, cited with approval in Payne vs. James, 42 An. 230.

2. The petition must contain a clear and concise statement of the object of the demand, as well as of the nature of the title, or the cause of action on which it is founded. It must not contain any insulting or impertinent expressions. C. P. 172, secs. 4 and 5.

3. The allegation that the plantation has not been run in such a manner as to increase its fertility is to aver a passive violation of a contract to do, and a putting in default is essential to an action. C. C. 1933.

4. The sale of a litigious right to a lawyer is void. C. C. 2447.

The opinion of the court was delivered by

BREAUX, J. The defendant was the lessee of Trinity plantation in 1887, and continued to be the lessee from year to year until 1890, when the owners, Mrs. Emory Clapp and her daughter, Mrs. Amory, made a new lease of the place to the defendant for five years, until 31st December, 1895, at an annual rental of $600 a year, represented by five notes, due 1st December of each year.

It embraced 1200 acres on the west of the Bayou Grosse Tête, and 1500 acres on the east, together with all the buildings and improvements, and fourteen mules, also the farming implements.

The lessor obligated himself, by care or cultivation, to improve the land from year to year, and to leave the fences and ditches in the condition received.

On the 5th January, 1892, defendant's lessors sold their lands on the right bank and west side of the bayou, together with all the improvements thereon—said place is said to be "Trinity plantation" proper—to the plaintiff for the price of $10,000.

The vendors sold free from encumbrances, "*except* the lease, to the defendant of October, 1890;" which they transferred to plaintiff in the deed transferring the plantation, from which we extract:

"Said lease, and all the aforesaid conveyor's rights into or under the same, are transferred hereby, and simultaneously herewith, to the conveyee herein; this conveyance is made with complete transfer and subrogation of all rights and all actions of warranty or otherwise against all former claimants, proprietors, tenants or warrantors of the property herein conveyed."

Suit was instituted by plaintiffs on the 21st January, 1892, for a dissolution of the lease, for alleged violation; for compensation for diminution in the value of the plantation, and for the rent of the year 1891.

The plaintiff alleges substantially that after the defendant went into possession as lessee the machinery in the sugar house was sold; by whom it is not stated.

That there were a warehouse, cane carrier, shed, cisterns, cabins, carts, plows, gears, and fourteen mules, live oak trees, pecan and magnolia, a flower garden and an orchard on the place; that the lands were well drained and under fence.

He complains of defendant's bad husbandry; that he has taken away fencing, allowed the drains to close, destroyed the garden, orchard and trees.

That during his possession, from 1887 to date of suit, he has caused great deterioration in the value of the place, and that he will, as lessee, continue to cause waste and destruction.

Plaintiff, in his brief, argues that he has succeeded, by his purchase, to his vendor's right of action for damages.

He also claims the rent for the year 1891, which was represented by a note for $600, maturing December 1, 1891, by reason of the purchase of the property, and the transfer of the lease therewith of October, 1891.

In reference to rents, part of the recital of the deed of sale reads:

" The above referred to lease to A. Alsworth, and herein transferred, has been delivered to the vendee, and the said Robert S. Day guarantees to him the delivery of the rent notes within a delay of thirty days from the date hereof—that is to say, those due December 1892, 1893, 1894 and 1895."

In support of his claim to the rent note of 1891, the plaintiff, in his petition, says " that it was the mutual understanding, not expressed, but implied, of both your petitioner and of Charles B. Amory, acting as the agent of said owners, that said agreement to sell and buy, consummated as aforesaid on October 19, 1891, should be immediately carried out by deed during that same month, but delays were found to be necessary, because of the absence in Europe of the said Mrs. Clapp, and for that reason only said deed was not made until January 5, 1892."

That the defendant was notified not to pay the note; that he paid it to his (plaintiff's) vendors.

He alleges that the defendant is in a condition of insolvency.

The defendant interposed an exception of no cause of action, against the demand for damages and other violations of the lease alleged of a date prior to January 5, 1892, and against the claim for $600 rent for 1891, and that plaintiff's allegations are vague and indefinite.

The judge of the District Court dismissed the suit for damages prior to 1892, and for the rental of 1891, and decided that the allegations were not such as to enable plaintiff to maintain his action for causes of date subsequent to 1892. As to the latter—*i. e.*, causes of date subsequent, leave to amend was granted.

Plaintiff's theory in preparing his petition was that all rights of action for damages and all violations and rents against former owners and against all tenants were assigned and transferred to him.

Upon that theory, he alleged that the lease had been violated prior to January, 1892, and that damages had been committed prior to that date. It is not shown that any right of action under the first lease, that preceding the lease of October, 1890, was transferred.

There is no reference whatever made to this prior lease in the deed of sale to plaintiff.

The lessor to the defendant had some time prior to their sale to plaintiff renewed the lease.

At the renewal no rights were reserved, and no reference to any violation of the lease.

They must, under the circumstances, be held to have acquiesced in defendant's acts as a lessee.

The deed of sale clearly transfers the " conveyors' rights into or under the same"—*i. e.*, under the lease of October 9, 1890.

This can not be interpreted to include any rights under prior leases.

The inconsistency of vendor would be great if they had transferred a right of a date preceding the last lease.

This disposes of all claims of date prior to the present lease and brings us to claims of alleged violations of the lease of October 9, 1890.

They are not distinctively alleged, particularly as to dates.

The petition leads to the unavoidable inference that all violations of the lease preceded the date of the last lease.

We do not express any opinion as to "rights" under the lease as expressed in the deed of sale·to plaintiff, as to whether it is possible to prove alleged violations from October 9, 1890, to January ——, 1892 (the date of the sale to plaintiff), as cause for dissolving the lease. The allegations of the petition do not show that an absolute transfer and subrogation of all rights are claimed so as to enable plaintiff to recover a judgment dissolving the lease in this suit.

Though it may be that violations of the lease preceding plaintiff's purchase of the place may be proven in support of the action to dissolve the lease, we think a different rule applies to damages.

Ordinarily the sale of a thing will pass all such things as are directly incident to it and necessary to its enjoyment. C. C. 2461.

The lessee is liable on the covenants of his lease, and to these unquestionably plaintiff is subrogated from the date of his purchase.

By the use of the words "right into or under the lease," the plaintiff did not become an assignee for damages of date prior to the sale. When a party sustains a loss by reason of a breach of contract, he has a right to be placed in the same situation, by payment of damages, as if the contract has been performed.

If plaintiffs' property had been damaged prior to the sale, they had a right of action.

It was not an accessory right, which passed like a right of servitude, for instance, without description of or reference to the claim.

The property transferred is described. We can not presume that there were additional rights in the nature of damages, the deed being silent as to damages.

Lastly, plaintiff claims the rent for the year prior to his purchase. He was not the holder of the note which represented the rent.

It was in the possession of the drawees, who had the right to collect it, having transferred the notes representing the rents of subsequent years and not the note for rents of 1891.

The implied transfer of this note and the alleged ratification of an understanding of a date some time anterior are not borne out by the deed.

The rights of the vendors and the vendee date from the day of sale. The petition and the declarations of the deed do not include the rent for 1891.

Plaintiff's rights are reserved by the judgment appealed from.

Judgment is affirmed at appellants' costs.