BREAUX, J.
The suit is for an asserted tort and resulting damage said to have been done to plaintiff’s building.
Plaintiff and defendant, respectively, are owners of adjacent properties.
Plaintiff’s property consists of a lot „of ground with improvements. The improvements consist of a four-story brick building with a slate roof. The ground floor was occupied as a restaurant, and the upper floor as a lodging house.
Plaintiff bought this property in April, 1901, for $10,000, and when she bought it the party wall between this property and that of defendant had been entirely taken down, and another was on the way to completion; that is, about five feet of this wall had been built.
Defendant’s property consists of a lot of ground and improvements known formerly as the “Old St. Charles Theater,” now the “Orpheum.”
The old theater was burned in the winter or spring of 1900. Another was biiilt on the ground where the old one stood. Defendant demolished the party wall between plaintiff’s and his (defendant’s) properties, and substituted a new wall.
This new wall extended the entire length of the building from the front wall to the rear wall. ,
The damage is traced to the fact, .plaintiff asserts, that defendant, while building the party wall in question, entered upon her property, and had the joists and flooring cut off on the side of the party wall; that he cut down and took away several flights of stairs, cut off and reduced the widths of some of her halls in the several stories of her property-in fact, that he has cut off the entire side of the building, and has left the exposed ends of the joists and timbers which were the stay and support of the partition wall and floors; that several partitions and rear walls have been broken and bent out of shape, so that the rear brick wall threatens to fall, and the plaster has been cracked and broken.
Plaintiff admits that, after her petition was filed in this suit, defendant worked on her building in order to repair it; but she says that the repairs were entirely insufficient, and that she is still entitled to $3,000 actual damages and to as much punitive damages.
Defendant substantially sets up in defense to these charges that he made all repairs needful to restore the property to what it was prior to the building' of the new wall, and, furthermore, that he did all it was possible to do to convenience the proprietors of the adjoining properties and to expedite the work.
The question involved here is exclusively whether plaintiff is entitled to damages or not, and in that connection we are brought, in the first place, to consider whether plaintiff has been sufficiently subrogated to any claim for damages, if any were due, prior to the date of her purchase of the property, as before mentioned.
As general subrogation to the right will not suffice, there must be a special subrogation setting forth the wrong done, from whom *606 claim is made, and the nature of the damages.
The right she (plaintiff) sets up is personal, and did not pass to her under the deed under which she acquired the property, unless it had heen specially transferred.
The question has heen thoroughly considered by this court in the case of Bradford v. Damare, 46 La. Ann. 1532, 16 South. 487, where it was held that the buyer is presumed to buy all rights belonging to the property and needful to its perfect enjoyment, but damages actually suffered by the seller prior to the sale are personal, do not follow the title to the property, and cannot be recovered by the buyer without an express subrogation.
The view is sustained by other decisions specially noted in the cited ease, supra. The question, in our view of the cause, is not of great importance in this case. Only a few feet of the wall had been built at the date of plaintiff’s purchase. ’
As small as the amount of damages may have been before the sale whereby plaintiff became the owner, yet, if the right was not specially transferred, plaintiff cannot stand in judgment for it.
We come to the question of claim for damages (of a date subsequent to plaintiff’s purchase) growing out of the work of the destruction of the party wall to build a new wall, and the work of reconstruction and repair, which plaintiff objects to on the ground that it was incomplete and unsatisfactory.
We divide the issues in order to arrive at a conclusion regarding the rights of parties:
First, the work of demolishing the wall and the shoring of the building; second, the work of repairing and restoring the wall.
With reference to the work of taking down the wall and result, of which plaintiff has given a graphic account in.her petition, we have not found that defendant went beyond the work needful to clear the way for the new wall.
The condition immediately after the wall had been demolished is just that which will arise where a wall has been taken down, and it necessarily continues in that state until it is rebuilt. There was no lack of shoring of the building, although plaintiff charges that the effect of want of sufficient shoring was made evident by the sagging of the floor and evidence of settlement of the building. The building is old. After many years, it takes very slight cause to bring on a sagging of the floor. Unless the testimony positively traces this condition to the deficiency in shoring, a court must feel some reluctance to charge it to neglect in propping it up.
The process of restoring the work gave rise to issues not easily solved. No question but that defendant made attempts to restore plaintiff in all her rights. Whether he entirely succeeded or not is for us to determine.
The wall, we infer, has been restored, and has withstood the attack directed against it by the testimony. It is a new wall. The demolished wall was old.
' Part of the building which was attached to or rested on the party wall had to he demolished. In restoring it, it became necessary to reinstate the building as it was before. In this the defendant has not as yet entirely succeeded. The plastering on the wall in some places is cracked. Some of it has not the consistency which ordinary plaster should have. Some of the painting was not done in a workmanlike manner. The iron railing on the front gallery requires a little work. One of the valley gutters was not properly put in.. There are leaks in the restored roof. The wainscoting requires some work.
The wainscoting was not done as required in at least two of the apartments. There are minor details. It is difficult to assess damages with any degree of correctness and precision. The wall should be properly connected, and the flooring also. The repairs can be made at small cost.
It does not occur to us that anything more should be done toward repairing the floor than to see that it is built flush with base board or wall by placing strips or whatever may be needful. The depression in the floor is not chargeable to defendant, but to the age of the building, which no shoring could prevent.
We have felt great reluctance to expose the parties to the trouble and expense of further litigation, if there must be litigation, yet we do not see how it is possible to avoid directing the defendant to overhaul some of this ‘work. The weight of the testimony shows that it is not thorough work.
We the more readily arrive at the conclusion .that some of the work should be gone *608 over with because the testimony of one of defendant’s witnesses, who was in a position to know, said that in restoring buildings it was sometimes necessary to go over the work.
Mr. Carey, of the firm with which defendant contracted to reinstate the building, has had considerable experience in replacing property in its original condition, especially with reference to the finishing touches. He said that, according to the contracts of their firm, generally it became necessary to go back to the work within the year it has been delivered.
The firm does all it can to complete the work satisfactorily, but there is despite this nearly always some work left to be done in the course of the year.
The firm, through this member, expressed itself as ready to do the work of proper repair. We purposely limit the question of repairs. We have naught to do at this time with questions growing out of the alleged encroachment of the party wall on plaintiff’s property and the attending asserted damages.
In order, if possible, that there should be no misunderstanding, we repeat that repairs are to be made on the lines before indicated. Some of the painting is to be retouched to the extent that such retouching may be needful in an old lodging house, as this, the evidence shows, is. The same is true of the plastering, of the valley gutters, and the iron railing on the front.
Defendant filed a call in warranty, calling upon the firm to which we have before referred to answer in warranty. The judgment contains no prayer for judgment for any specific amount, and, besides, our decree renders it unnecessary to specially pass upon the question raised as between defendant and warrantor.
The law and the evidence being in favor of defendant, the judgment appealed from is affirmed, except to the extent that it relieves the defendant from the necessity of returning and finishing the work indicated in the body of the decision. As to these repairs the defendant is held to the necessity of reasonable specific performance.
The judgment is in the main affirmed, and as relates to the reservation of the right it necessarily covers the cost of appeal to be paid by appellee.