Statement of the Case.
MONROE, J.
Plaintiff sues to recover a strip of land in Shreveport said to contain 00/ioo of an acre, of which defendant is in *437 possession, or, in the alternative, to recover its value. Defendant pleads “no right of action,” the prescription of one, two, and ten years, and estoppel: The facts disclosed by the record are as follows, to wit:
In 1880, or 1881, the New Orleans Pacific Railroad. Company, which was, in June of that year, consolidated with defendant, apparently without expropriation or purchase, entered upon the strip of land here claimed, erected an embankment, and built its railroad thereon, and until the institution of this suit, in April, 1905, defendant (as the consolidated company) remained in undisturbed possession of the same as a right of way. At the date of the entering the property belonged to Dr. W. C. Swanson and was of little value. In 1882 or 1883, by partition among the heirs of Swanson, it fell to Mrs. S. A. and James Winston. Dr. Swanson was frequently in Shreveport (though he appears to have resided elsewhere), and had an agent in that city to. attend to his real estate. He also had a legal adviser there, whose office he frequently visited, and both the agent and the legal adviser continued after his death to represent the Winstons, who lived about 25 miles from Shreveport, and who, like their author, owned other property there than the property in dispute, were frequent visitors to the place, and were obliged, in entering it, to do so by way of defendant’s road, and thereby pass through said strip. Beyond this the gentleman who acted as their legal adviser testifies that he knew of defendant’s occupancy of the property, though he is unable to say just when he learned of it, and that he is under the impression that the Winstons were possessed of the same information. In January, 1899, the Winstons sold to plaintiff the Cagle subdivision (of the Talbert tract), from the western boundary of which the strip in question had been taken, and shortly afterwards plaintiff caused a plat to be made and recorded, which represents the property so acquired by him. as traversed by streets and alleys, bounded on the west by said strip, designated as “Bight of Way of T. P. B. R., 90/ioo Acres,” and subdivided into lots fronting on said streets, alleys, and right of way. Following this plaintiff made sales of lots, as appearing upon the plat, to persons who have established manufacturing industries upon them, or have sold them to others who have established such industries, and who testify that they purchased them because they were ‘represented as abutting upon the railroad, and would not have purchased them had they not believed that representation to be true. Several of these vendees attempted to intervene, but that privilege was denied them on the objection of the plaintiff’s counsel that they came too late, and plaintiff testifies that he was not aware, when he caused the plat to be made and recorded, and sold the lots in accordance therewith, that the strip which he now claims was included in his purchase from the Winstons, or was his property.
Opinion.
Having allowed the defendant, or its predecessor, to enter and build its road upon the land in question,’ and to operate such road for more than 20 years, it is now too late for plaintiff, or his authors, to reclaim the property free of the servitude, or to interfere with the further operation of the road. Railroad Co. v. City, 31 La. Ann. 478; St. Julien v. Railroad Co., 35 La. Ann. 924; Bourdier & Bellesein v. Railroad Co., 35 La. Ann. 947; Day v. Railroad Co., 36 La. Ann. 244; Lawrence v. Railroad Co., 39 La. Ann. 427, 2 South. 69, 4 Am. St. Rep. 265; St. Julien v. Railroad Co., 39 La. Ann. 1063, 3 South. 280; Mitchell v. Railroad Co., 41 La. Ann. 363, 6 South. 522. The right of the plain-' tiff, if any he had, would resolve itself into an action for the value of the land used and for damages to his adjacent land, in either *439 case a personal action, barred by tbe prescription of ten years. Civ. Code, art. 3544.
We are, however, of opinion that the right referred to did not pass to plaintiff with his purchase from the Winstons, since it was personal to his vendors, and the deed by which he acquired contains no subrogation thereto, Matthews v. Alsworth, 45 La. Ann. 465, 12 South. 518; Bradford v. Damare, 46 La. Ann. 1533, 16 South. 487; Pokorny v. Pratt, 110 La. 603, 34 South. 703.
The exception to this rule (to which the learned counsel calls attention) arises when the entry or taking of the land is in the nature of a trespass, and applies to the demand for the value of the land as contradistinguished from the claim far damages incidental to such trespass.
In the instant case we find as a fact that the entry was made and the land occupied with the acquiescence of the owner. The case does not, therefore, fall within the exception.
Judgment affirmed.