BREAUX, C. J.
Plaintiff sued the defendant for the sum of $3,750, with legal interest from judicial demand.
*421 He describes in bis petition tbe land be owns; refers to bis plat of survey and to- tbe origin of bis title.
He charges in bis petition that defendant appropriated a strip of bis land and constructed a switch track thereon, 'occupying about five acres of his land; that this alleged appropriation cuts off access from his said tract of land to a larger triangular shaped tract he owns, forming part of the southeast area of his property used by him as a pasture.
He fixed tbe value of tbe appropriated land at tbe sum of $1,000, and tbe damages growing out of tbe appropriation at $500, and avers that there is continuing damage committed which he alleges he “reserves the right to claim.”
Plaintiff avers that defendant is bound, under the title which it holds, to construct wire fences, maintain ditches, and build gates and crossings, which it has failed to do.
Plaintiff charges that defendant entered upon his land with workmen and ran a preliminary line for a switch track; they cut down trees and damaged the property in the sum of $250.
Plaintiff, in addition to the foregoing amount, claims $1,000 damages caused by a preliminary survey.
The answer is:
(a)That the laud used for the switch was taken by defendant many years ago, but with the tacit consent of the then owner, and defendant has ever since been in the open, continuous, and peaceable possession of the land so taken; except that plaintiff did recently attempt to interfere with defendant’s possession, and thereupon plaintiff was promptly enjoined, at the instance of defendant, from further disturbing defendant.
That defendant bad been in the possession and enjoyment of said switch track for many years before plaintiff bought the land through which the said tract runs, and when he bought plaintiff bought the land ¿s it then stood, and has no right now to claim damages or compensation for the land which defendant had previously taken and was then occupying with its switch track.
(b)'That access to part of plaintiff’s land is not prevented by the switch above mentioned, and, if access is in some degree impeded, the damages which plaintiff claims in his petition as being caused thereby are grossly exaggerated.
(c) That plaintiff is a stranger to and without any rights under the contract for right of way made with a former owner of the land, and his suit on this contract must, therefore, be rejected.
(d) That defendant had the legal right to make a preliminary survey for its contemplated new switch, and that it did make such a survey without damage to plaintiff’s property, but has never actually built the contemplated new switch; and plaintiff’s claim for damages is fictitious and wholly unfounded.
There can be no right to punitory damages.
The judge a quo gave judgment in favor of plaintiff:
Hirst, for the value of three acres of land, which he found had been taken for, and were being occupied by, the switch, at $300 an acre; in all, $900.
Second, for $100, amount of damages done by the preliminary survey.
Third, ordering the defendant to build the fences, ditches, etc., within a year; and, if it should not build them in that time, to pay the plaintiff $500 with which to build them, and thé defendant to maintain them thereafter.
The other demands of plaintiff were rejected.
The defendant appealed, and the plaintiff has answered praying for the amendment of the lower court’s judgment.
By defendant’s appropriation with the tae- *423 it consent of the owner at the time, the right to the strip of land passed from the owner to the appropriator — the right became segregated from the property, and the owner became a creditor for the value of the property talcen.
The right was personal. The owner at the time had a claim personally for the amount.
The purchaser by the act of purchase does not become invested with a right to the value of the property taken unless the right is transferred with the property.
In a leading case (St. Julien v. Morgan’s R. R. Co., 35 La. Ann. 924) it was decided that the owner is concluded from reclaiming his property free of servitude imposed thereon if he failed to object to the appropriation in due time.
He is allowed compensation for value instead of the property taken.
The right inures to him personally and not to successive owners.
This right to recover compensation is not connected with the title.
In the cited case, the plaintiff sought to return into possession of the property and to have himself recognized as the owner with all the rights which the word “owner” implies.
The railroad track, instead of being the track of a quasi public corporation, would have become, had his demand been granted, to the extent that plaintiff claimed, the private property of the plaintiff.
The court in the cited case solved the difficulty by which it was confronted by relegating the plaintiff in that case to a compensation for value.
' In another case, the court holds that plaintiffs “should have denied defendant’s access and have prevented it by using legal process”; that defendants thereby became creditors for value. Bourdier v. Railroad Co., 35 La. Ann. 951.
The company was not a trespasser, but had acquired, by absolute silence, an absolute right. Day v. Railroad Co., 36 La. Ann. 244.
Again, his acquiescence did not prejudice his claim to damages. Lawrence v. Railroad, 39 La. Ann. 427, 2 South. 69, 4 Am. St. Rep. 265.
The owner has a right to damages; he cannot, however, treat the entry as a trespass for which the company is liable at the place of the asserted injury. St. Julien v. Railroad Co., 39 La. Ann. 1063, 3 South. 280.
Again, this court said; “The claim is in the nature of a personal action for value of the land.” Mitchel v. Railroad Co., 41 La. Ann. 363, 6 South. 522.
There are other decisions to the same effect and not one to the contrary.
The question is settled by repeated decisions. If it were res nova, it would, perhaps, be different.
This brings us to a consideration of the question whether the plaintiff owns the right and has the authority to sue the defendant for the value.
Under prior decisions, he does not have the right to sue for value or damages, as it was not sold to his vendor, and his vendor did not sell it to him.
The taking of the right of way was done many years prior to plaintiff’s becoming the owner of the land.
In order that a vendee may have the right of his vendor in this respect, as it is a personal right, there must be a special subro-gation to him by his vendor.
That point was conclusively decided in the following cases: Matthews v. Alsworth, 45 La. Ann. 465, 12 South. 518; Bradford v. Damare, 46 La. Ann. 1533, 16 South. 487; and in the case recently decided of McCutchen v. Railroad Co., 118 La. 438, 43 South. 42.
The damages done by the preliminary survey gives rise to the next question for decision.
The defendant unlawfully acted in the matter of this survey, in that it took possession of plaintiff’s property, cut down his *425 trees (about 52 in number), and made an opening through his woods.
They were small trees, it is true, of no great value. Yet this was an infringement upon plaintiff’s right of property for which defendant should be made to pay.
The amount allowed for this item, viz., $100, is not too large; it cannot be less in view of defendant’s invasion of plaintiff’s right of property.
No one prompted by right feeling will trespass upon the land of another and cut down his trees without at least seeking his permission.
We come to a consideration of plaintiff’s claim for the failure of defendant to* make ditches, put up fences, and construct crossings along the right of way.
This was never done, although in the Lochte deed to plaintiff’s author the defendant had bound itself to make these improvements.
Subsequently, the plaintiff bought the property.
The right followed the property and was not personal to the owner.
The original owner acquired the right as a servitude for the benefit of the estate and not for his own benefit.
Without the stipulation in the first deed, plaintiff had a right to these improvements; the railroad track was laid across plaintiff’s land; the defendant had no reason to expect that it could take the land and escape making these improvements to drain the land and afford a crossing to the owner. It is in itself a right of servitude which plaintiff’s author had acquired and which passed to the subsequent owner.
The defendant cannot keep the right of way and deny to the owner the improvements always made by railroad companies in the interest of the owner.
The court a quo condemned the defendant to make these improvements for which it had by agreement made itself liable, and for which it was liable under every principle of right and justice.
It should make them.
To the end of protecting the land, it became a part of plaintiff’s right to a servitude. It became a part of the place, a part of the right bought.
The other items claimed by plaintiff are not allowed, as they are not sufficiently sustained by the evidence. It follows that the motion to amend before referred to is overruled.
For reasons assigned, the judgment appealed from is amended by striking therefrom $900, amount allowed for the value of the land.
As amended, the judgment is affirmed, at appellant’s costs.
PROVO STY, J., takes no part, not having heard the argument.