BREAUX, C. J.
Plaintiff sues to recover royalty or rental for use of a patent leased to defendant from 1904 to 1907.
The amount of the claim is $3,000.
The patent leased was acquired by plaintiff in 1901.
It consists of a device or machine for the delinting of cotton seed.
In the contract of lease, the lessors warranted and obligated themselves to maintain the lessees in the peaceful enjoyment and use of the delinting machine during the whole term of their lease.
The defendants obligated themselves to delint each year at least 1,000 tons of cotton seed.
The machines were delivered, and were operated to February, 1903.
From that time plaintiffs charge that defendants violated and repudiated their contract.
Plaintiffs in the first place filed suit in the parish of Rapides, charging defendants with having breached their contract by failure to pay rental due. Afterward plaintiff brought suit against defendant in the parish of St. Landry.
The whole amount claimed in the suit instituted in the parish of Rapides was $17,000, less a credit stated in the petition. Three thousand dollars of this amount were claimed for royalties to 1903, and $14,000 for the remaining four years.
We leave for the time being consideration of the suit filed in Rapides parish, and take up the present suit, filed in the parish of SL Landry.
In this last suit, after claiming the amount due, plaintiffs recite at length the facts connected with the suit in the parish of Rapi *814 des. Plaintiffs allege in the present suit (in St. Landry) that in the suit brought in the parish of Rapides they averred that they had complied with their obligations as lessors, but that the lessees had not. They (plaintiffs) also mention that the defendants in that suit (in Rapides) filed a defense denying all indebtedness; that they alleged that the letters patent originally issued to W. C. Baxter, which plaintiffs held, were illegal and invalid; that they had been so declared by a decree of a competent federal court; that it was an infringement of another patent issued to one Thomas; that afterwards it was transferred to the American Delinter Company. See decisions cited infra.
To return for a moment to plaintiffs’ suit in parish of St. Landry; i. e., the present suit: They charge that there was collusion between the defendants and the American Delinter Company during the trial, in that they induced the American Delinter Company to bring suit against them, Haas and Stewart, and against petitioners, in order that it might help them in their defense to the present case. They sought in that way to assist in proving that plaintiff has no title.
Plaintiffs recite at length the different grounds alleged by the owners of another patent for the asserted infringement upon their patented rights.
They also complain of an injunction taken out by the interveners, the American Delinter Company.
That they, the plaintiffs, interposed an exception to this injunction and a defense to the suit on the ground that the court was without jurisdiction ratione materke, an exception which was maintained, but it seems that defendants did not choose to file any defense, and judgment was rendered against them.
We are further informed by the pleadings that the defendants filed a supplemental answer in the suit brought in the parish of Rapides, in which they alleged that they had been evicted from the possession of the machines; that the defendants sought to make this defense notwithstanding that it had been decided as against plaintiffs that the court was without jurisdiction.
In the suit in Rapides parish, judgment was rendered in favor of plaintiffs and against defendants in solido, condemning them to pay rental for two years at the rate of $1,000 per annum, subject to a credit, and further rights were recognized.
The case was appealed to the Supreme Court and affirmed except as to the petitioner’s demand for future rents. This part of the demand was dismissed as in case of non-suit. See decision cited infra.
Plaintiffs’ contention, after reciting all the facts in connection with the suit in Rapides parish, is that all the issues between the parties are now closed; that res judicata is an absolute bar to all of defendants’ defenses.
The American Delinter Company intervened in the present suit, and alleged that it owns the patent right which is infringed upon by plaintiffs, and asks that the contract between plaintiffs and Stewart and Haas be decreed void.
They prayed for judgment in the sum of $2,000 and interest paid by Stewart and Haas to plaintiffs; also $1,000 paid to plaintiffs; and $1,000 punitive damages.
The lower court dismissed the intervention on the ground that it had no jurisdiction; No appeal was taken from the judgment dismissing his intervention. We will not here refer to this intervention again as presenting an issue to be decided.
It may as well be stated here that Haas, one of the defendants, partner of the firm of Stewart & Haas, being a resident of the parish of St. Landry, was sued in that parish.
The partnership having been dissolved, the suit was properly brought at his domicile.
*816 The action as against Stewart was dismissed, as Stewart was a resident of another parish.
From this time on we will refer to Haas as the only defendant.
It also appears in the pleadings that defendants . alleged that there was a suit in equity in the federal court in Mississippi, brought by the American Delinter Company against plaintiffs; that a judgment was rendered, perpetually, enjoining the American Machinery & Construction Company from letting any machines for delinting cotton under the Baxter patent, and that this suit and contract on which it was based are in violation of the injunction, and a fraud on the right of the American Delinter Company.
The defendant Haas in his answer denied that he entered into a contract with plaintiffs; said that he knew nothing of the asserted contract; that it was signed by Charles Stewmrt -without authority to sign for Stewart & Haas; that it was ultra vires their partnership.
He alleges that the machines were defective and inefficient, and that he, in consequence, suffered heavy losses; that they were an infringement upon the Thomas patent, and that they, defendants, would be held liable to the American Delinter Company for using these machines; and that he, in consequence, notified plaintiffs that the contract was at an end and offered to return the machines.
He also alleged that there was a failure of crops during the year for which plaintiffs sue for royalty owing to the boll weevil.’
The decree of the Circuit Court of the United States, referred to above, was rendered in January, 1905. The sale of the Thomas patent was made to plaintiff by the American Delinter Company in July, 1907.
The plaintiffs confidently rely upon the plea of res judicata, based upon the judgment rendered by this court, to which we will refer later.
The plea is invoked in plaintiffs’ petition.
It may as well he said here that it is predicated on the fact, as they contend, that the issues between the parties were all decided.
It is true that the court in the case referred to held that, in view of the possible violation of the contract in the future, there were strong and equitable reasons not to render judgment forcing defendants to pay royalties which might mature hereafter.
The decree in the case to which plaintiffs refer dismissed their demand for rents maturing in the future as in case of nonsuit.
In the body of the opinion the court in substance stated, while referring to proceedings in the federal court in Mississippi, before noted, that the patent of plaintiffs possibly is an infringement on the patent of the American Delinter Company; that the appearance of things was suggestive of future litigation. For these reasons, the court did not render a decision that might prejudice the issues between plaintiffs and defendant.
The court expressly reserved plaintiffs’ right “to sue for future royalties as,they accrue, and defendants’ right to interpose any defense they may have in the premises.”
It is evident that the reservation was made purposely broad.
The court added that there was danger that the parties would be ground between the upper and the nether millstone unless there- was proper reservation made.
See American Machinery & Construction Co. v. Haas & Stewart, 115 La. 188, 38 South. 960.
The question was left entirely open for future litigation.
The plaintiffs were left free to sue for the remainder of an amount of $14,000, and the defendants free to plead all of their rights.
*818 The court added in the cited opinion:
“At best, these royalties due from year to year are not certain and absolute, but under the terms of the contract were subject to reduction by the failure of crops and other providential causes.”
The conclusion expressed, said the court, in substance, is reinforced by considerations arising from the present state of affairs and growing out of the litigations between the respective holders of the Thomas and Baxter delinter patents.
The judicial condition cannot be considered as having given rise to res judicata. It is very evident that, as it was a nonsuit, it was not consistently possible to hold that it has the effect of res judicata, and that the reservation amounts to naught.
As to the issues not disposed of, we must hold that there is no ground for the plea res judicata.
The following decisions are pertinent: Woodcock v. Baldwin, 110 La. 270, 34 South. 440; Sharpe v. Zeller, 114 La. 550, 38 South. 449; Arcadia Cotton Oil Co. v. Fisher, 120 La. 1076, 46 South. 28; Hewett v. Williams, 48 La. Ann. 686, 19 South. 604.
Before leaving this subject, we will state there is nothing used in the language of the cited decision which militates against the intention by which the court was moved at the time that the decision was rendered.
This brings us to a consideration of the next issue of the case; that; the issue growing out of the infringement of the patent held at the time by the American Delinter Company.
The plaintiffs necessarily had full notice that the patent they owned was an infringement upon the patent of the American Delinter Company. Contradictorily with them, it was decreed that it was an infringement.
The defendants also had notice of these proceedings which culminated into a judgment decreeing that plaintiff’s patent did infringe upon the patent of the company before named.
The effect of that knowledge must be considered. In face of the fact that the lessees, defendants, were confronted by a United States statute, denouncing infringement, subjecting them to a considerable penalty, they could not very well do otherwise than to discontinue the use of the patent which they held as lessees. There was really nothing else for them to do under the circumstances. And in the second place the lessors expressly bound themselves to maintain the lessees in the undisturbed possession and enjoyment of the property leased.
As respects this expressed warranty,' it has more the appearance of the warranty in matter of a sale than the legal rights secured to the lessee in a lease.
At any rate, the case of Bell v. Bouney, 7 La. Ann. 170, 56 Am. Dec. 601, is a complete answer in itself on this score, taken in connection with section 4919, Rev. St. U. S. (U. S. Comp. St. p. 3394).
The defendants, it is said, sought the holders of the asserted adverse patent and influenced them to intervene for alleged infringing on their (intervener’s) patents; that this was done by defendants in order to enable them to obtain their release on the ground that plaintiffs had transferred to defendants a worthless patent, as it was an infringement on another.
That may be. At the same time it is quite evident that both plaintiff, the American Machinery & Construction Company, and defendants, sought to advantage themselves in this respect.
The plaintiffs gained the advantage in the end by buying the adverse patent above referred to by controlling it entirely, while the defendant, if his influence has been felt as charged, succeeded only for a short time in influencing the intervener.
*820 Only a few words before writing the decree.
The weight to he given to the purchase plaintiffs made of the adverse patent from the date of the transfer is not before us for consideration.
For reasons herein assigned, and the law and th'e evidence being in favor of defendant, it is ordered, adjudged, and decreed that the judgment of the district court is annulled, reversed, and avoided at plaintiffs’ costs in both courts. It is further ordered, adjudged, and decreed that plaintiffs’ demand is rejected.