1 So.2d 686

## GUMBEL v. NEW ORLEANS TERMINAL CO.

No. 35541.

March 31, 1941.

P. M. Milner, of New Orleans, for appellant.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for appellee.

HIGGINS, Justice.

This is a suit by a landowner against the defendant railroad company to recover $24,-000, as compensation or the value of a part of the square of ground appropriated by

the company in 1905 and on which it laid two switch tracks; and, in the alternative, for alleged damages to plaintiff's property in the sum of $15,000, as a result of practically dividing the ground in two parts by laying the two switch tracks diagonally across it.

The defendant filed exceptions of no right and no cause of action and pleas of prescription of two years under Revised Statute, § 1479, as amended by Act 176 of 1928, and of ten years under Article 3544 of the Revised Civil Code. The exceptions and pleas were tried and submitted together and judgment was rendered by the trial judge, maintaining the exceptions and dismissing the suit. The plaintiff appealed and the defendant answered the appeal and renewed the other exceptions and the pleas of prescription, which were not passed upon by the district court.

The present suit is a continuation of the litigation which has been considered by this court on two other occasions. Gumbel v. New Orleans Terminal Co., 186 La. 882, 173 So. 518 and Gumbel v. New Orleans Terminal Co., 190 La. 904, 183 So. 212, certiorari denied by the Supreme Court of the United States 305 U.S. 654, 59 S.Ct. 249, 83 L.Ed. 423. The records in the previous cases were made a part of the plaintiff's petition to which the defendant filed the exceptions.

It appears that in 1905 the defendant laid two switch tracks diagonally across Square 483 in the Second District of New Orleans without resorting to expropriation proceedings. At that time the property was owned by Louis S. Berg, who sold the square of

ground to Thomas Capo on July 14, 1913. On November 10, 1913, the plaintiff purchased the property from Capo. These switch tracks were laid and used without any objection by the former owners, the first protest having been made by the plaintiff in the early part of 1936, or shortly before the first suit was filed. Prior to purchasing the square the plaintiff knew that the railroad tracks extended across it. Neither Louis S. Berg (who was the owner of the square at the time the railroad appropriated the property by laying the switch tracks thereon) nor Thomas Capo (his vendee) ever assigned or subrogated the plaintiff to any rights of action against the defendant to recover compensation for the value of the land taken, occupied and used, or for damages which might have been sustained as a result of the tracks occupying a part of the square. The exceptions were based on the ground that the right of action for compensation and damages was personal to the owner of the land at the time the property was appropriated by the railroad and, in the absence of an assignment or subrogation of this personal right or claim to the plaintiff by the former owner, that the right of action for compensation and damages did not pass to the plaintiff merely by the acquisition of the title to the land.

In the case of McCutchen v. Texas & P. Ry. Co., 118 La. 436, 438, 43 So. 42, 43, the court said:

"Having allowed the defendant, or its predecessor, to enter and build its road upon the land in question, and to operate such road for more than 20 years, it is now too

late for plaintiff, or his authors, to reclaim the property free of the servitude, or to interfere with the further operation of the road. * * * The right of the plaintiff, if any he had, would resolve itself into an action for the value of the land used and for damages to his adjacent land, in either case a personal action, barred by the prescription of ten years. Civ.Code; art. 3544.

"We are, however, of opinion that the right referred to did not pass to plaintiff with his purchase from the Winstons, since it was personal to his vendors, and the deed by which he acquired contains no subrogation thereto. Matthews v. Alsworth, 45 La. Ann. 465, 12 So. 518; Bradford v. Demare, 46 La.Ann. [1530] 1533, 16 So. 487; Pokorny v. Pratt, 110 La. 603, 34 So. 703."

In Taylor v. New Orleans Terminal Co., 126 La. 420, 422–424, 52 So. 562, 563, 139 Am.St.Rep. 537, it was said:

"By defendant's appropriation with the tacit consent of the owner at the time, the right to the strip of land passed from the owner to the appropriator—the right became segregated from the property, and the owner became a creditor for the value of the property taken.

"The right was personal. The owner at the time had a claim personally for the amount.

"The purchaser by the act of purchase does not become invested with a right to the value of the property taken unless the right is transferred with the property.

"In a leading case (St. Julien v. Morgan's R. R. Co., 35 La.Ann. 924) it was decided that the owner is concluded from reclaiming his property free of servitude imposed thereon if he failed to object to the appropriation in due time.

"He is allowed compensation for value instead of the property taken.

"The right inures to him personally and not to successive owners.

"This right to recover compensation is not connected with the title.
* * * * * *

"This brings us to a consideration of the question whether the plaintiff owns the right and has the authority to sue the defendant for the value.

"Under prior decisions, he does not have the right to sue for value or damages, as it was not sold to his vendor, and his vendor did not sell it to him.

"The taking of the right of way was done many years prior to plaintiff's becoming the owner of the land.

"In order that a vendee may have the right of his vendor in this respect, as it is a personal right, there must be a special subrogation to him by his vendor.

"That point was conclusively decided in the following cases: Matthews v. Alsworth, 45 La.Ann. 465, 12 So. 518; Bradford v. Demare, 46 La.Ann. [1530] 1533, 16 So. 487; and in the case recently decided of McCutchen v. Railroad Co., 118 La. [436] 438, 43 So. 42."

Under the facts of this case and in view of the foregoing authorities, it is clear that whatever right of action Louis S. Berg had against the defendant for compensation and damages for appropriating

his property did not pass to the plaintiff when he purchased the title to the square of ground, because there was neither an assignment nor a subrogation of that right by Berg to Capo and by Capo to him.

 Counsel for the plaintiff contends that under Article 12 of his petition his client had a right to claim monthly compensation or rent for the exercise of the servitude and that this monthly compensation or rent should be fixed at $200 per month and be allowed for a period of ten years preceding the institution of this action. There is neither proof in the records of the former cases nor allegation in the present petition of any contractual basis for the assertion of the claim for monthly compensation or rent for the exercise by the defendant of the servitude which came into existence long before the plaintiff acquired the property. No authority is cited by learned counsel to support his contention that the law imposes such an obligation upon the defendant and confers such a right of action in favor of the plaintiff under the facts and circumstances shown by the previous records and those set forth in the present petition.

In the case of St. Julien v. Morgan's L. & T. R. R. Co., 35 La.Ann. 924, 925–927, the plaintiff sought to recover $1 per day for the use of a strip of his land by the defendant for railroad purposes. In rejecting the claim, this court said:

"Having thus permitted the use and occupancy of his land and the construction of a quasi public work thereon without resistance or even complaint, he cannot afterwards require its demolition, nor prevent its use, nor treat the Company erecting it as his tenant. He is not debarred from an action for damages by reason of the taking of the land and for its value, but having acquiesced in the entry and encouraged if he did not invite it, he cannot afterwards affect to treat it as tortious. Considerations of public policy, not less than the suggestions of natural justice, require that in such case the owner shall not be permitted to reclaim his property free from the servitude he has permitted to be imposed upon it, but shall be restricted to his right of compensation.

\* \* \* \* \* \*

"The complaint is that the company entered the lands without the owner's consent, without buying or offering to buy, or expropriating them, and that it should not expect nor be permitted to use his property without some compensation, but should be prohibited from trespassing upon it, and he claims therefore one dollar per day for its use. The suit is of a nondescript, or rather hybrid character, but it is substantially a demand for rent, which we do not think he can maintain but must be remitted to his action for compensation."

In the case of Pons v. Yazoo & M. V. R. Co. et al., 131 La. 313, 338, 59 So. 721, 729, the court limited the compensation for land taken by the railroad and subject to a servitude for railroad purposes to the value of the portion of the property taken at the time when the defendant commenced to use it. The court stated:

"Under repeated decisions, plaintiff cannot recover over and above the value of the land (now in possession of defendant

for railroad use) at the time it went into the possession and use of the defendant.

\* \* \* \* \* \*

"It was from that time that the right of recovering its value arose."

See, also, Roussel et al. v. New Orleans Ry. & Light Co. et al., 152 La. 517, 535, 93 So. 758, and Taylor v. New Orleans Terminal Company, supra.

■ It, therefore, appears that the plaintiff's contention is at variance with the established jurisprudence that no such recurrent claims for compensation, rent, or damages arise in favor of the landowner out of a factual situation such as exists in this case. The right to compensation for the value of the property taken and damages to the adjacent land is limited to the value of the portion of the property occupied and determined as of the date when the defendant occupied and began to use the property, and for any damages which might be done to the remainder of the property by such use. This places the rule of recovery for the value of the land taken and such damages as may have been sustained in an appropriation case in accord with the compensation and damages to be recovered in an expropriation suit. Texas Pacific-Missouri Pacific Terminal Railroad of New Orleans v. Elliott, 166 La. 347, 117 So. 275.

The contention that the damage is daily and continuing is not supported by any authority and, of course, cannot be reconciled with the foregoing cases, which are adverse to the plaintiff's position herein.

Plaintiff further argues that the reservation contained in the judgment of the dis-

trict court in the first suit and affirmed on appeal by this court (186 La. 882, 885, 173 So. 518) authorizes the recovery which he now seeks. The reservation reads as follows:

"It is further ordered, adjudged and decreed that plaintiff's right of action to recover the value of his property occupied and used by defendant, or to recover damages or compensation or items of any other character on account of such occupancy and use, is reserved, and.that any defenses which defendant may have to any such claims of plaintiff are also reserved."

In the case of American Machinery & Construction Company v. Haas, 127 La. 811, 816, 54 So. 38, 40, in holding that a reservation of the plaintiff's right to sue and of the defendant's defenses adjudicates nothing, the court stated:

"The court expressly reserved plaintiffs' right 'to sue for future royalties as they accrue, and defendants' right to interpose any defense they may have in the premises.'

"It is evident that the reservation was made purposely broad.

\* \* \* \* \* \*

"The question was left entirely open for future litigation."

■ It is clear that by reserving both parties' rights with reference to the claims of compensation for the value of the property occupied and used, and for damages, neither the district court nor this court awarded the plaintiff any greater right than he might have to claim compensation for the value of the property occupied and

used or for damages, but left the rights of the parties to be decided in a future proper proceeding according to law.

It is our opinion that the trial judge correctly sustained the exceptions of no right and no cause of action and dismissed the plaintiff's suit.

The above conclusion makes it unnecessary for us to consider the pleas of prescription.

For the reasons assigned, the judgment appealed from is affirmed at the appellant's costs.

O'NIELL, C. J., and LAND, J., absent.