HOOD, Judge.
This expropriation suit was instituted by Gulf States Utilities Company against fourteen defendants, each of whom owns an undivided interest in the property affected by the taking. This suit was consolidated for trial and appeal with a number of other sim *201 ilar suits, one of which is Gulf States Utilities Company v. Cormier, La.App., 182 So. 2d 176.
The land owned by defendants and affected by this proceeding is designated as Parcel No. 3 in the plat which appears in the decision which we rendered in the Cormier case, supra. It comprises 42.3 acres and is located about one mile south of the unincorporated village of Ossun. The property is bisected by State Highway No. 93, a blacktopped road which runs through the above mentioned village. This highway enters defendants’ tract at its southeast corner and proceeds generally in a northwesterly direction, leaving the property at a point near the middle of its northern boundary. The triangular shaped portion of the property lying east of the blacktopped highway comprises 16.1 acres. It is bounded on the southwest by that highway and on the north and east by public gravel roads. The remaining portion of defendants’ property, located west of the blacktopped highway, comprises 26.2 acres and its only road frontage is on Highway No. 93.
The servitude sought by plaintiff crosses the south line of this tract at a point near the middle of that line, and from that point it proceeds in a northeasterly direction across the blacktopped highway, then turns slightly in a more northerly direction and continues to the north line of defendants’ land. It crosses the north line of defendants’ property about 498 feet east of the point where the north line is crossed by State Highway No. 93. The servitude comprises a total of 3.1 acres.
Plaintiff also seeks, and was granted by the trial court, a servitude on a small area near the angle point of the right-of-way, which area lies outside of and is in addition to the 100-foot right-of-way. The servitude in that area is to be used for the location of anchors, braces and guy wires.
Answers were filed by all of the defendants except one, Mrs. Ita Sonnier Bower, (sometimes referred to in the pleadings as Mrs. Ita Sonnier Dugas). Although named as a defendant and served with process, Mrs. Bower did not file an answer, or a claim for severance damages, and she made no appearance in this proceeding.
The trial judge awarded defendants the sum of $7000.00 for all of the property and rights taken, and the additional sum of $3900.00 for severance damages. Plaintiff appealed, contending that the award of severance damages should be deleted entirely, or alternatively that the judgment should be amended to delete the award of severance damages to Mrs. Bower, who made no claim for any such damages. All of the defendants, except Mrs. Bower, answered the appeal demanding an increase in the award made for the taking, an increase in the award of severance damages and an increase in the amount allowed by the trial court as expert witness fees.
One of plaintiff’s appraisers valued the 100-foot servitude and the anchor area at $6250.00, and the other valued it at $7150.00. The two appraisers for defendants valued the rights taken at $6915.00 and $6530.00, respectively. The evidence does not justify an increase in the $7000.00 award made by the trial court for the taking, and plaintiff does not seek to have this award reduced. We, therefore, affirm the award made by the trial judge for the servitude or rights taken.
The appraisers called by plaintiff felt that defendants would sustain no severance damages, while those who testified for defendants felt that the remainder of defendants’ property would be diminished in value by 25 per cent as a result of the taking. Three of the appraisers felt that all of the property was best suited for use as rural homesites. The other appraiser, who testified for plaintiff, agreed that that part of. the property which fronted on the blacktopped or gravel roads was best suited for use as rural homesites, to a depth of 200 feet, but he felt that the remaining acreage beyond the 200-foot depth was best suited *202 for use either as supplemental acreage to the homesites or as agricultural lands.
The trial judge concluded that all of defendants’ property was best suited for rural homesite purposes, that the remainder of that property would sustain a S per cent diminution in value as a result of the taking, that the fee value of all of the property prior to the taking was $2000.00 per acre, and that the defendants thus are entitled to an award of $3900.00 as severance damages.
Substantially the same issues are raised and the same arguments are presented by plaintiff here as were presented in the Cormier case, supra. We have considered these arguments as they relate to the property involved in the instant suit and have concluded that the award made by the trial judge as severance damages is supported by the evidence. The taking of the servitude will have the effect of further dividing the property into irregular-shaped portions, making it less desirable for use for homesites or subdivision purposes. For the reasons which we assigned in the Cormier case, therefore, we affirm the award of severance damages made to all of the defendants who answered and formally claimed such damages.
 As we have already pointed out, Mrs. Ita Sonnier Bower, one of the defendants, made no appearance in this case and she filed no pleadings seeking compensation for severance damages sustained by the remaining property as a result of the taking. The right of a landowner to recover for damages because of a public taking is a personal right which must be asserted before there can be recovery. Gumbel v. New Orleans Terminal Company, 197 La. 439, 1 So.2d 686. Since no demand has been made by Mrs. Bower for severance damages, we think the trial judge erred in awarding such damages to her.
The trial judge correctly determined that the severance damages sustained by the remaining property amounts to the sum of $3900.00. Mrs. Bower owns an undivided l/26th interest in this property, while the other defendants own the remaining 25/26ths interest in it. Since the defendants who have formally claimed severance damages are entitled to recover only their proportionate share of such damages, we conclude that the award of severance damages must be reduced to $3750.00, and that this amount is to be paid to defendants as follows: $1950.00 to Elie Sonnier, and $150.00 each to all of the other defendants, except Mrs. Bower.
The allowance made by the trial court as expert witness fees will not be disturbed for the reasons which we assigned in the Cormier case, supra.
For the reasons herein set out, the judgment appealed from is amended to delete the award of $150.00 as severance damages to Mrs. Ita Sonnier Bower. We have decided to recast the last two paragraphs of the judgment rendered by the district court in order that that portion of the judgment appealed from will read as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants herein are entitled to and are to be paid the sum of $7000.00 in full payment of the servitude and rights herein expropriated, and the sum of $3750.00 as severance damages to defendants’ land outside the servitude. Gulf States Utilities Company is hereby directed to pay into the Registry of this court, for the use and benefit of said defendants, the sum of $10,750.00, and said sum is to be paid over to defendants, upon their furnishing receipt to the court, as follows: $7000.00 of said amount, being the amount awarded for the taking, is to be paid to defendants in the proportions of one-half, or $3500.01, to Elie Sonnier, and l/26th, or $269.23, to each of the remaining defendants, and $3750.00 of the aggregate amount to be deposited, being the amount awarded as severance damages, *203 is to be paid to all of the defendants except Mrs. Ita Sonnier Bower (being the same person elsewhere referred to in this judgment as Ita Sonnier Dugas), in the proportions of $1950.00 to Elie Sonnier, and $150.00 to each of the remaining defendants except Mrs. Bower.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Gulf States Utilities Company pay all costs of this suit.”
In all other respects, and as thus amended, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.