CHASEZ, Judge.
On February 13, 1968, Alvin P. Lichten-tag, The Alice Mayer Katz Trust and the M. Waldo Mayer, Jr.. Trust, plaintiffs-appellants and joint owners of certain properties in the City of New Orleans, filed suit against the City to recover just compensation for properties allegedly illegally appropriated by the City of New Orleans.
The City filed a motion for summary judgment which was granted by the lower court and plaintiffs appealed.
The plaintiffs are joint owners of property in Square 446 of the Fourth District, City of New Orleans, fronting on Melpomene Street, having been acquired by plaintiffs on October 6, 1923, more than forty years ago.
A second parcel of property jointly owned by plaintiffs is located in Square 443, Fourth District, City of New Orleans, fronting on Melpomene Street. This property was acquired by plaintiffs in 1936.
A third parcel of property is also located in Square 443, Fourth District and is owned solely by plaintiff, Alvin P. Lich-tentag. It also fronts on Melpomene Street and was acquired by the Lichtentag family in October of 1926.
The three parcels of property are bounded by Galvez, Melpomene, South Johnson and Jackson Streets (Avenue). The total frontage on Melpomene Street is two ‘hundred fifty-four (254') feet, four (4") inches, one (l"') line. The City laid sidewalks along Melpomene the entire distance to a depth of six feet, four inches, six lines along South Johnson Street and to a depth of two feet along Galvez Street.
Plaintiffs became suspicious that the City arbitrarily laid sidewalks without reference to the existing surveys. In March of 1967, in order to confirm their suspicions, plaintiffs had their property surveyed and discovered the encroachment on their property by the City in laying the sidewalk in the two squares along Melpomene Street.
Plaintiffs filed suit in February of 1968 for the value of the land taken and for damage to the remainder of their property caused by the alleged appropriation.
The City filed an answer in the form of a general denial and subsequently, on September 18, 1969, moved for Summary Judgment. Attached to the motion was the affidavit of Mr. Charles L. Fisher, Chief Engineer of the Engineering, Streets Department of the City of New Orleans, who stated that the City of New Orleans commenced paving Melpomene Street between North Broad Street and North Claiborne Avenue on October 10, 1961 and completed the job on March 22, 1962. Plaintiffs filed no counter affidavits.
Based on this affidavit the trial judge rendered judgment for the City. In his reasons he stated that the paving was done by the City in 1962 and the suit had not been filed until 1968; that the doctrine of implied dedication was applicable and rendered judgment accordingly.
*735 It is clear that a summary judgment will not be granted unless there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. 966.
The petition of plaintiffs alleged that there was an illegal appropriation by the City. The affidavit in support of the City’s motion did not refute this. It did not state that there was no appropriation; it merely stated that the paving of Melpomene Street had been completed in 1962.
Plaintiffs are not attempting to reclaim title to the property under the sidewalk. Their claim is for value of the land taken and for damage to the remaining property. If there was a wrongful appropriation then the City should respond in damages. The fact that the plaintiffs were aware of the existence of the sidewalks is of no consequence. The landmark case of St. Julien v. Morgan L. & T. R. Co., 35 La.Ann. 924, held that although the plaintiff had permitted the use and occupancy of his land for the construction of public works without resistance or complaint and thus could not require its demolition, prevent its use or treat the defendant as a tenant, he was, nevertheless, not barred from an action in damages for the taking of the land and for its value. The Court there stated at page 926:
“ ‘ * * * A land owner’s delay in enforcing his rights does not effect a waiver of his right to prepayment; but a clear acquiescence in the company’s taking possession and constructing its works, under circumstances making it his duty to resist the entry, if he intended afterwards to set up that it was illegal, will be treated as a waiver. The waiver, however, while depriving him of the right to dispossess the company, does not deprive him of the right to damages under the special remedy.’ ” (Italics ours.)
In the case of Gumbel v. New Orleans Terminal Co., 197 La. 439, 1 So.2d 686 (1941), the Supreme Court recognized the right to claim the value of the land. In that case plaintiff filed a suit against the Railroad Company to recover compensation or, in the alternative, damages for use and occupancy in the land appropriated by the defendant. The suit was filed at a time when the defendant had possessed and used a portion of the land for a period in excess of thirty years for two switch tracks laid thereon without any objection or protest by the then land owner or his vendee, from whom plaintiff purchased the property. The first protest made against defendant’s use of the land was made by plaintiff some thirteen years after he had acquired its ownership. Under this factual situation the Supreme Court held that the right of the original owner and vendor to seek recovery of compensation and damages, if any, as a result of defendant’s appropriation was purely a personal right, barred by the prescription of ten years; and that such right does not become vested in a subsequent purchaser unless expressly transferred with the property, or unless the purchaser is subrogated thereto.
In the very case cited by the trial court in its reasons, the rule was recognized. The case was Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127, wherein the court found an implied dedication of a street. That case went on to say at page 128:
“The property was appropriated by the City with the tacit consent of the owners, if there were such, the pavement laid and the street used by the public generally. Under such circumstances, the owner would be precluded from reclaiming the property if he failed to object to the appropriation. If the property at the time of the appropriation was owned by anyone other than the City, he would be relegated to a claim for the value of the land. Taylor v. New Orleans Terminal Co., [126 La. 420, 52 So. 562] supra; Gumbel v. New Orleans Terminal Co., supra.”
If there was an appropriation, then plaintiffs are entitled to the value of the *736 land taken and possibly damages if the remaining property was injured.
As was previously stated, the affidavit on behalf of the City does not rebut plaintiffs’ allegations of illegal appropriation. It seems to this Court that whether there was, indeed, an appropriation is a fact question as well as is the value of the land involved. Thus, the rendering of a summary judgment was improper and should be set aside.
We are mindful of article 967 of the Code of Civil Procedure which states that an adverse party may not rest on the mere allegations of his pleading, but his response, by affidavits or other documents, must set forth facts showing that there is a genuine issue for trial. If the adverse party does not respond, then summary judgment shall be rendered against him if it is appropriate. In the instant case we conclude that despite plaintiffs’ lack of affidavits, mover is not entitled to a summary judgment; in other words, summary judgment in this instance is not appropriate.
For the stated reasons, the judgment granting the Motion for Summary Judgment filed by defendant, City of New Orleans, against plaintiffs, Alvin P. Lichten-tag, The Alice Mayer Katz Trust and the M. Waldo Mayer, Jr. Trust, dismissing their suit at their costs, is annulled and set aside and the cause is remanded to the trial court for further proceedings according to law. Costs in the trial court to await final determination there. Costs of this appeal are assessed to defendant, City of New Orleans.
Reversed and rendered.