469 So.2d 1011 (1985)
DORVIN LAND CORPORATION
v.
The PARISH OF JEFFERSON.
No. 84-CA-684.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1985.
Rehearing Denied June 13, 1985.
*1012 Lawrence D. Wiedemann, W. Lloyd Bowers, New Orleans, for plaintiff-appellant.
Hubert Vondenstein, Parish Atty., Paul G. Mayoral, Asst. Parish Atty., Gretna, for defendant-appellee.
Before KLIEBERT, CURRAULT and GRISBAUM, JJ.
KLIEBERT, Judge.
This is an appeal by Dorvin Land Corporation, plaintiff-appellant, from a judgment in favor of the Parish of Jefferson, defendant-appellee, maintaining the Parish's exception of no right of action.
On April 20, 1983 Dorvin filed a petition for damages alleging: (1) itself to be the owner and developer of a tract of land in Jefferson Parish lying adjacent to the Parish's servitude for the Trapp Canal, and (2) in the course of enlarging the canal during the period February 1982 through July 1982 the Parish dumped the spoil from the dredging on Dorvin's land, damaging a tree line which was being preserved by Dorvin for a golf course. In response to the petition the Parish filed a peremptory exception of no right of action grounded in the contention Dorvin was not the owner of the tract at the time the alleged damage occurred. Dorvin admits it did not become the owner of the tract until the Act of Sale dated August 19, 1982 was executed, but claims a real and actual interest in the tract sufficient to maintain its suit for damages. We affirm the trial judge.
The exception of no right of action challenged Dorvin's procedural capacity to maintain the suit because it was not the owner of the land at the time the alleged damages occurred. The litigants submitted the issue on memorandums with attached documents. There were no evidentiary hearings. The trial court concluded Dorvin was not the owner of the tract when the alleged damages occurred and the Act of Sale subsequently transferring the ownership of the land to Dorvin did not contain a specific assignment of the right to claim damages, therefore, the exception of no right of action was maintained.
On appeal Dorvin contends it is the only one with the "real and actual interest" required by Code of Civil Procedure Article 681 for one to have the legal capacity to maintain the suit for damages. In support *1013 of this contention, it points to an exchange agreement entered into with Harvey Canal and Improvement Company (Harvey) on August 4, 1979 under which it had an option to acquire, in stages, ownership of various tracts of land totalling 1700 acres.
Dorvin's counsel contends that in order to develop the tract it was required to and did prepare and obtain approval of plans for a development of the entire tract and, at the time of the alleged damages, had acquired, fully developed, and sold to third parties portions of the 1700 acre tract. As to the portion where the alleged damages occured (acquired by Dorvin in August 1982) Dorvin contends it had made and/or constructed substantial improvements thereon prior to its title acquisition pursuant to the provisions of Paragraph XIX of the Exchange Agreement, which provides as follows:
"(a) In the event, but only in the event, the First Closing is consummated, then Dorvin shall have the right at its option, to commence at any time prior to the closing date for the Second Closing, at Dorvin's sole cost, risk, and expense, to clear for development, in accordance with plans (its "Development Plans") for the construction of a commercial and residential development as described in Section III(h) above, any or all of the Harvey Land that will be acquired by Dorvin at the Second Closing as described in Section X(b) of the Agreement ..."
The petition filed by Dorvin did not allege the factual events now contended by Dorvin. There is some dispute between the parties as to whether the exchange agreement relied on by Dorvin was filed of record. We note that the agreement itself provides for its confidentiality and permits only the filing of the notice of its existence in the conveyance records. There is nothing in the record to indicate whether such a notice was or was not filed.
In oral argument counsel for Dorvin stated the first closing referred to in the above quoted portion of Paragraph XIX of the Exchange Agreement was an Act of Sale dated prior to the date the petition alleged the claimed damages occurred. Further, he stated the Act of Sale was not of record. We note, however, that in the trial court and in the brief filed here the first closing necessary to trigger the rights granted under Paragraph XIX above quoted was contended to be a letter dated February 15, 1982 attached to Dorvin's brief. An examination of the letter shows it to be the exercise of an option, the exercise of which results in a conversion of the option agreement to an agreement to buy and sell. Obviously it is not a closing within the meaning of the words "First Closing" in Paragraph XIX.
The damages alleged and claimed by Dorvin are for removing trees killed and levees created by the dumping of the spoil and for the depreciation of the land value as a consequence of the loss of the trees. Therefore, it is clear the action is one to recover for "damages to the land."
According to Article 681 of the Code of Civil Procedure, an action can be brought only by a person having a real and actual interest which he asserts. Under the jurisprudence the landowner at the time of the alleged damages is the person with the real and actual interest to assert the claim for damages to the land. This right is a personal right, as opposed to a real right, consequently, it is not transferred by a mere transfer of the title to the land. Rather, for the subsequent owner of the land to be in a position to assert the claim, there must be a specific assignment of the right to him. Gumbel v. New Orleans Terminal Co., 197 La. 439, 1 So.2d 686 (La.1941); Prados v. South Central Bell Telephone Co., 329 So.2d 744 (La. 1975).
Even if we accepted as correct Dorvin's contentions as to the factual events which occurred under the agreement with the landowner, the agreement can only be constructed as options to acquire certain portions of the tract which, upon being exercised, matures into an agreement to buy and sell the particular portion of the tract upon which the option was exercised. *1014 Neither an option to purchase or an agreement to purchase conveys to Dorvin the requisite real and actual interest in the land necessary to assert the claim for damages to the land. The damages claimed in the petition are damages to the land. We are not involved with and do not pass on an asserted claim for damages to edificies constructed on the land by a non-owner who subsequently becomes an owner.
Since Dorvin was not the owner of the land at the time the damages were incurred and showed no specific assignment of the right to claim the damages from the owner, it has no procedural capacity to bring the suit. Accordingly, the trial court's ruling upholding the exception of no right of action is maintained.
The trial judge's ruling also dismissed the plaintiff's suit. Under Code of Civil Procedure Article 934, when the grounds of the objection can be removed by amendment of the petition, the plaintiff should be given an opportunity to amend his pleadings to remove the objection. Here a specific assignment to Dorvin of the right to assert the claim by the owner of the land (at the time the damages are alleged to have occurred) would remove the objection. Therefore, Dorvin is granted ten (10) days from the date this opinion is handed down in which to amend his pleadings to show a specific assignment from Harvey of the right to assert the damage claim. In the event Dorvin cannot show the assignment and thereby removes the grounds for the exception or if Dorvin fails to timely comply with the order to amend, the action is dismissed. All costs are to be borne by Dorvin.