770 So.2d 874 (2000)
HOPEWELL, INC., Plaintiff-Appellee,
v.
MOBIL OIL COMPANY, et al., Defendants-Appellants.
No. 33,774-CW.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
*875 Adams and Johnson by D. Russell Holwadel, New Orleans, Counsel for Appellants.
Andry & Andry by Gilbert V. Andry, IV, Jonathan B. Andry, New Orleans, Counsel for Appellee.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
GASKINS, Judge.
The defendant, Mobil Oil Company (Mobil), filed an application for supervisory writs following the trial court's denial of its exceptions of no cause of action and prescription. This court granted the writ application and ordered the matter briefed. We now reverse the trial court ruling and make the writ peremptory.

FACTS
On April 11, 1994, the plaintiff, Hopewell, Inc. (Hopewell), bought approximately 442 acres in Red River Parish from Mary Elizabeth Harpe Boone, Martha Cuberly Veale, William Veale as trustee for the Veale Living Trust, and Martha Harpe Muckelrath, who appear to have inherited it from an ancestor named Pugh. These defendants are referred to as the Pugh family in the briefs. The property included a 70-acre tract upon which the present dispute is based. In 1921, the Pugh family ancestors gave Fortuna Oil Company (Fortuna) the right to construct a casing head gas plant on the property. Fortuna already held a mineral lease on this tract. In 1922, the Pugh ancestors sold surface rights on the property to Fortuna. Oil and gas operations were conducted on the property by Fortuna. Magnolia Oil Company (Magnolia) later acquired the property from Fortuna. The casing head gas plant and several oil and gas wells were operated on the property. The tract was then conveyed back to the Pugh family in 1945 in settlement of a lawsuit with Magnolia. That conveyance contained the following clause:

*876 It is specifically understood and agreed by and between the parties hereto that there shall be no obligation whatsoever on the part of [Magnolia] to remove foundations or to alter any of the conditions that exist upon any portion of that tract or property which is hereby conveyed by [Magnolia] and Magnolia Pipeline Company, which is specifically described herein this paragraph numbered `4.'
The surface rights were leased to Magnolia. The gas plant later ceased production, possibly in the 1950s. At some point, Mobil acquired Magnolia and assumed the liabilities of that company.
As stated above, Hopewell purchased a 442-acre tract, including the disputed property, from the Pugh family in 1994. On January 2, 1997, Hopewell filed a petition for damages against Mobil and the Pugh family. In its petition, the plaintiff contends that, through the oil and gas operations, hazardous and toxic wastes were deposited in the ground on the disputed 70-acre tract. However, later in the proceedings, Hopewell also seems to object to subsurface structures and other remnants of the oil and gas operation on the property. Hopewell asserts that Mobil had a duty to restore the property and that duty extended to subsequent landowners.
The Pugh family filed exceptions of prematurity, vagueness, no cause of action, and prescription. The trial court sustained the exceptions of vagueness and no cause of action. The exceptions of prescription and prematurity were overruled.
Mobil asserted exceptions of res judicata, no right of action, and prescription. A rule to show cause was set on the exceptions filed by Mobil. The trial court heard argument on all the exceptions and motions. On January 11, 2000, the trial court signed a judgment denying Mobil's exceptions. Mobil filed a writ application with this court, arguing that the trial court erred in denying its exceptions of no right of action and prescription. On March 9, 2000, this court granted the writ application, ordering the trial court to lodge the record and directing counsel to file briefs.

NO RIGHT OF ACTION
Mobil alleges that the right to recover for damage to the property was personal to the owner of the property at the time the damage occurred and did not transfer with the sale to Hopewell. Mobil contends that the trial court erred in holding otherwise and in denying its exception of no right of action. This argument has merit.
Under La. C.C.P. art. 681, except as otherwise provided by law, an action can be brought only by a person having a real and actual interest in what he asserts. The exception of no right of action is appropriate when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit in a particular case. La. C.C.P. art. 927; Bossier Orthopaedic Clinic v. Durham, 32,543 (La.App.2d Cir.12/15/99), 747 So.2d 731. When considering the exception, the court must ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. Bossier Orthopaedic Clinic v. Durham, supra; Grocery Supply Company v. Winterton Food Stores, 31,114 (La. App.2d Cir.12/9/98), 722 So.2d 94.
The modern mineral code has various provisions concerning the obligation of the owner of a mineral servitude or a mineral lessee. La. R.S. 31:22 provides:
The owner of a mineral servitude is under no obligation to exercise it. If he does, he is entitled to use only so much of the land as is reasonably necessary to conduct his operations. He is obligated, insofar as practicable, to restore the surface to its original condition at the earliest reasonable time.
La. R.S. 31:122 provides:

*877 A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. Parties may stipulate what shall constitute reasonably prudent conduct on the part of the lessee.
See, e.g., Edwards v. Jeems Bayou Production Company, 507 So.2d 11 (La.App. 2d Cir.1987).
Mobil argues that Hopewell has no right to assert the action against it. Mobil contends that a right to recover for damage to property is a personal right that does not pass as an accessory to the subsequent owners. Mobil relies upon Prados v. South Central Bell Telephone Company, 329 So.2d 744 (La.1975), in support of its argument. Prados was not a mineral case, but it shares many key features with the present matter. In Prados, a landowner leased a tract of land to South Central Bell (SCB), and SCB constructed various structures on the leased property. The landowner sold the property to another person, who also executed a lease in favor of SCB. Both leases provided:
It is understood and agreed that lessee will have the privilege of erecting buildings, sheds, fences, etc., and shall also have the privilege of removing same at the completion of this lease or renewals thereof.
The lease terminated, and the owner of the land at that time did not require SCB to remove the structures it had built. Instead, that landowner sold the property to the plaintiff. The plaintiff demanded that SCB remove the structures; when SCB refused, the plaintiff had the land cleared and sued SCB, demanding compensation for the demolition.
The trial court granted relief to the plaintiff, and the court of appeal affirmed. The supreme court granted writs and in original hearing affirmed the lower courts. However, on rehearing the supreme court reversed. Noting that the lease in favor of SCB had expired prior to the sale of the property to the plaintiff, the court found that the right to recover for property damage by a lessee was a personal right (as opposed to a real right) belonging to the owner at the time the lease is terminated. Real rights transfer from the seller to the buyer without any special provision. La. C.C. arts. 1763 and 1764. Personal rights do not transfer in the absence of a special assignment of rights to the buyer. Official Comment (f) to La. C.C. art. 1764 provides in pertinent part:
Louisiana courts have held that ... damages due to the owner of a thing for its partial destruction or for an interference with the owner's rights, belong to the person who was the owner at the time of the ... destruction or interference. These are personal rights that are not transferred to a successor by particular title without a stipulation to that effect.
The court in Prados stated, "The general principle, we think, is that a buyer is presumed to know the overt condition of the property and to take that condition into account in agreeing to the sale price."
Hopewell asserts that Prados dealt with the rights of lessors and lessees and therefore is not controlling in the present case. However, the core of the holding in Prados that the right to recover for property damage is a personal right of the owner at the time the damage occurredhas repeatedly been upheld, even in cases not dealing with leases. See St. Jude Medical Office Building Limited Partnership v. City Glass & Mirror, Inc., 619 So.2d 529 (La.1993); WBR Corporation v. State, Department of Transportation and Development, 97-621 (La.App. 1st Cir. 4/8/98), 711 So.2d 337, writ denied, 98-1791 (La.10/9/98), 726 So.2d 897; Dorvin Land Corporation v. Parish of Jefferson, 469 So.2d 1011 (La.App. 5th Cir.1985); Rogers v. Louisiana Power and Light Company, 391 So.2d 30 (La.App. 3d Cir.1980). In fact, the holding in Prados has long been *878 the rule in this state. See also Bradford v. Richard, 16 So. 487 (La.1894); McCutchen v. Texas & Pacific Railway Company, 118 La. 436, 43 So. 42 (1907); Taylor v. New Orleans Terminal Company, 126 La. 420, 52 So. 562 (1910). Therefore we find that the holding in Prados is controlling in the case sub judice. The right to recover for damages was personal to the owners of the property at the time the damage occurred.
As noted in the comments to La. C.C. art. 1764, the personal right of recovery for damage to property may be expressly conveyed to another party. Hopewell contends that the personal right to seek property damages was conveyed to it in a subrogation clause in the act of sale. The act of sale to Hopewell provided in pertinent part:
... who declare that they do by these presents, GRANT BARGAIN, SELL, CONVEY AND DELIVER with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty, whether liberative or acquisitive, against all former owners and/or proprietors of the property herein conveyed....
In Prados, a substantially equivalent provision was utilized. The act of sale in that case provided in pertinent part:
... she (Mrs. Ester Binford Prados) does by these presents, grant, bargain, sell, convey, transfer, assign and set over with full guarantee against all mortgages, liens, claims, evictions, or other encumberances or alienations whatsoever, and with subrogations to all her rights and actions of warranty against all previous owners, and with full guarantee of title, unto JAMES L. PRADOS....
With reference to the provision, the Prados court stated that the conveyance and subrogation clauses make no reference to the expired lease, nor to the right of the seller to a restoration of the property to its original state, nor to the right of damages. The court found that the subrogation clause is directed to the rights and actions of warranty against previous owners. The court concluded that there was no express assignment within the meaning of La. C.C. art. 2009, which is now contained in La. C.C. art. 1765.
In comparing the subrogation clause in the present case with that in Prados, Mobil has shown that the plaintiff in this case has no special assignment of the seller's rights, if any, to recover against Mobil for damage to the property. Further, such a right is clearly personal, not real, and in the absence of a special assignment, the right did not pass to the plaintiff at the time of the sale. We also note that when the property was conveyed to the Pugh family or their ancestors in the 1945 settlement with Magnolia, that conveyance specifically waived the right of the landowners to require that the condition of the property be restored. In short, Mobil has effectively shown that Hopewell has no right of action against it.
In its brief to this court, Hopewell contends that it has a right of action against Mobil because Mobil or its predecessor created a defective thing upon the property and is now liable to the present owner for it. Hopewell cites Williams v. City of Monroe, 27,065, 27,066 (La.App.2d Cir.7/3/95), 658 So.2d 820, writs denied 95-1998, 95-2017 (La.12/15/95), 664 So.2d 451, 452. That case dealt with personal injury and death caused by a highway bridge that had been modified in such a way as to render it unsafe. The case is not applicable to the present facts where the plaintiff seeks to recover for damage to property.
Additionally, the plaintiff argues that it has a right of action under general tort principles of La. C.C. art. 2315 and under the "abuse of right" theory. This argument deals with whether a cause of action exists rather than a right of action for property damage. For a cause of action to exist under the abuse of right doctrine, the holder of an individual right must exercise that right to the detriment of another, simply for the sake of exercising it. Sharp v. Noble Drilling Corporation, *879 96-622 (La.App. 3d Cir.12/18/96), 685 So.2d 608. The abuse of rights doctrine is a civilian concept which has been invoked sparingly in Louisiana because its application renders unenforceable one's otherwise judicially protected rights. Steier v. Heller, 31,733 (La.App.2d Cir.5/5/99), 732 So.2d 787. The plaintiff has not alleged abuse of rights in its petition. It asserts only a claim for damages to property. The plaintiff has failed to adequately show that the doctrine of abuse of rights operates in this case to establish a right of action by Hopewell against Mobil.
In Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), the supreme court set out guidelines for the exercise of supervisory jurisdiction:
When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.
There appear to be no relevant disputes of fact to be resolved with regard to Hopewell's right of action, a reversal would terminate the litigation as to Mobil, and the decision of the trial court is erroneous. Therefore, exercise of our supervisory jurisdiction is warranted in this case.
Accordingly, we find that Hopewell has no right of action against Mobil for property damage which occurred long before Hopewell purchased the property.

PRESCRIPTION
Mobil alleges that if Hopewell has a right of action, it is prescribed and the trial court erred in denying its exception of prescription. Because we grant Mobil's exception of no right of action, reversing the trial court and dismissing Hopewell's claim, we need not reach consideration of this issue.[1]

CONCLUSION
For the reasons stated above, we reverse the trial court judgment denying Mobil's exception of no right of action, and our writ grant is made peremptory. Mobil's exception of no right of action is granted, dismissing Hopewell's demands against Mobil. Costs in this court are assessed to Hopewell.
REVERSED; WRIT MADE PEREMPTORY.
NOTES
[1] We note that, although Mobil filed a rule to show cause on its exceptions and a hearing was held by the trial court, the exceptions of no right of action, prescription, and res judicata were never filed into the record of the trial court. This poses no obstacle to our consideration of the writ application as to the exception of no right of action. Under La. C.C.P. art. 927, the exception of no right of action may be noted by the trial or appellate court on its own motion. However, the exception of prescription must be specially pleaded and may not be noticed by the court on its own motion.