BONIN, J.,
Dissents with Reasons.
|TI respectfully dissent.
The cause of action stated by Eagle, the plaintiff, is that the excepting defendants, whether oil companies or transportation companies, secretly and covertly contaminated immovable property now owned by Eagle with technologically enhanced naturally occurring radioactive materials, or TENORM. See Grefer v. Alpha Technical, 02-1237 (La.App. 4 Cir. 3/31/05), 901 So.2d 1117, rev’d sub nom. Exxon Mobil Corp. v. Grefer, 549 U.S. 1249, 127 S.Ct. 1371, 167 L.Ed.2d 156 (2007); Pollard v. Alpha Technical, Inc., 08-1486 (La.App. 4 Cir. 1/28/10), 31 So.3d 576; also see, generally, James R. Cox, Naturally Occurring Radioactive Materials in the Oil Field: Changing the NORM, 67 Tul. L.R. 1197 (1993). The contamination from these toxic materials did not manifest itself until the Louisiana Department of Environmental Quality, after the sale to Eagle, tested the property and reported the presence of TE-NORM necessitating remediation of the site. The excepting defendants do not challenge that Eagle has stated a cause of action for the environmental pollution of the land, but through the exception of no right of action challenge whether there is any “right” or “interest” in Eagle instituting the suit. See La. C.C.P. art. 927 A(6).
L.The sole basis for the challenge is the uncontested fact that Eagle only acquired the immovable property after the contaminating acts, if not effects, of the defendants had discontinued and that the acquisition was without an express reservation of rights, subrogation, or assignment to Eagle from its vendor. See, e.g., Prados v. South Central Bell Telephone Company, 329 So.2d 744 (La.1975) (on rehearing). The excepting defendants do not contend that thé contamination was known or reasonably knowable by Eagle prior to its purchase of the property. Thus, accepting the allegations of the petition as true, the damage from the excepting defendants’ deliet(s) was sustained after the purchase. See Cole v. Celotex Corppration, 620 So.2d 1154, 1156 (La.1993).
La. C.C. art. 2315 A provides: “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” The damage was caused to Eagle and Eagle most assuredly has a right or interest in bringing this lawsuit to recover its damages.
The majority errs when it relies upon several clearly distinguishable cases to affirm the district court and sustain the exception of no right of action. In Prados v. South Central Bell Telephone Company, supra (concrete buildings), St. Jude Medical Office Bldg. Ltd. Part. v. City Glass and Mirror, Inc., 619 So.2d 529, 530 (La.1993) (defective windows), and Dorvin Land Corporation v. Parish of Jefferson, 469 So.2d 1011 (dredging spoil dumped), the damage to the subject properties was sustained by the vendors and was overt and obvious at the time of the sale.[1] Moreover, the majority errs in its reliance upon Prados v. South Central Bell Telephone Company, supra, and LeJeune Bros., Inc. v. Goodrich Petroleum Co., L.L.C., 06-1557 (La.App. 3 Cir. 11/28/07), *437 981 So.2d 23, both of which “involve[] rights arising under a lease and [are] distinguishable from the instant Ufacts.” Hopewell, Inc. v. Mobil Oil Company, 00-3280 (La.2/9/01), 784 So.2d 653 (per curiam). In Hopewell the purchaser contended that, through oil and gas operations, hazardous and toxic wastes were deposited in the ground and asserted that the oil company had a duty to restore the property, which duty extended to subsequent landowners. See Hopewell, Inc. v. Mobil Oil Company, 33,774 (La.App. 2 Cir. 11/1/00), 770 So.2d 874, 876. The second circuit, like the majority today, concluded that Prados v. South Central Bell Telephone Company requires sustaining the exception of no right of action. But the Louisiana Supreme Court, rejecting that authority and reasoning, reversed the second circuit and reinstated the trial court’s ruling denying the exception of no cause of action. Hopewell, Inc. v. Mobil Oil Company, 00-3280 (La.2/9/01), 784 So.2d 653 (per curiam).
In my view, Eagle has a right of action against the excepting defendants on account of their contaminating its land. The trial court erred when it sustained the exception and dismissed Eagle’s suit against them. I would reverse and, therefore, respectfully dissent.
ORDER
h Considering the Application for Rehearing filed in the above captioned matter and pursuant to La.Const. Art. V, § 8(B), it is ordered that this matter is set for oral argument on Tuesday, May 11, 2010, at 11:00 a.m.

. I agree with these cases and with the majority that tire purchaser of property cannot at the same time purchase a tort from his vendor, the damage from which tort has already been sustained, and is overt, known or reasonably knowable.