LOVE, J.,
Dissents and Assigns Reasons.
|,1 respectfully dissent from the majority’s conclusion that Eagle Pipe has a right of action.
“[A] buyer is presumed to know the overt condition of the property and to take that condition into account in agreeing to the sales price.” Prados v. S. Cent. Bell Tel. Co., 329 So.2d 744, 751 (La.1976). “The general Louisiana rule is that a purchaser cannot recover from a third party for property damage inflicted prior to the sale.” St. Jude Med. Office Bldg. Ltd. P’ship v. City Glass and Mirror, Inc., 619 So.2d 529, 530 (La.1993); see also Prados, 329 So.2d at 750.
Damages to the owner of the land occurring prior to the sale of land are personal to the owner and are not recoverable by the new owner without an express subro-gation. Bradford v. Same, 16 So. 487, 488 (La.1894). “[T]he landowner at the time of the alleged damages is the person with the real and actual interest to assert the claim for damages to the land.” Dorvin Land Co. v. Parish of Jefferson, 469 So.2d 1011, 1013 (La.App. 5th Cir.1985). This personal right “is not transferred by a mere transfer of the title to the land,” but “a specific assignment of the right.” Id.
Eagle contends that the sale included a “full subrogation” to all of the rights of the previous property owners because the act of sale included the following ^language:
for the consideration hereinafter mentioned they do by these presents sell, transfer and deliver, with full guarantee of title and free from all encumbrances, and with subrogation to all their rights and action of warranty against previous owners.
However, this is the same language the Louisiana Supreme Court examined and held was not a valid assignment in Prados, 329 So.2d at 749-50. The subrogation clause does not mention the assignment of alleged rights the previous landowners possessed pursuant to the alleged expired leases or an assignment of rights as to seeking damages for any alleged previous damage to the property. Therefore, I do not find that the clause constitutes an express assignment of the previous landowners’ personal right to seek damages for the alleged contamination of the property.
The majority asserts that Hopewell, Inc. v. Mobil Oil Co., 00-3280 (La.2/9/01), 784 So.2d 653, provides a right of action for Eagle Pipe. However, Hopewell did not change the established law. Hopewell stated that Prados involved “rights arising under a lease and” was “distinguishable from the instant facts.” Id. The Louisiana Supreme Court reversed and remanded the matter. Id. There are no subsequent state court decisions asserting that Hopewell changed the substance of Louisiana law. Eagle also stated that “it is clear that under Hopewell, a defendant should not be allowed to profit from its tortious behavior simply because it hid its actions well.” However, this statement is not contained in Hopewell. Further, in Frank C. Minvielle, L.L.C. v. IMC Global Operations, Inc., 380 F.Supp.2d 755, 771-72 (W.D.La.2004), the court, regarding Hopewell, stated
*447 [t]he only thing clear about the decision is that the court did not, by its brief reversal, establish a new legal principle. If that had been the court’s intent, it easily could have said so in plain terms-i.e. that it was conferring standing upon subsequent landowners to |sassert tort claims for property damage occurring prior to their acquisition of the land. Nor did the decision alter the rule in Louisiana that the landowner at the time of the alleged damages is the person with the real and actual interest to assert a tort claim involving the property under Gumbel and Dorvin.
The law in Louisiana remains that the owner of land at the time of the alleged damages is the person with the real and actual interest to assert the claim for damages to the land.
Thus, I do not find that the trial court erred in granting the exception of no right of action and would affirm; therefore, I find that the majority’s discussion of improper venue, forum non conveniens, and no cause of action are unnecessary.